## A90A1118. KENNEDY v. THE STATE.
(398 SE2d 249)

COOPER, Judge.

Appellant was found guilty by a jury of being a convicted felon in possession of a firearm.

1. Appellant contends that the evidence was insufficient to support the jury's verdict. The evidence viewed in a light favorable to the jury verdict shows that several officers responded to a call at a house where appellant, a convicted felon, lived with his mother. Although appellant was in the house when the officers arrived, he did not respond to the officers either when they knocked on the door or when

they announced their presence in the house. As the officers proceeded to look through the house, one of them saw a gun in an open dresser drawer in a bedroom and upon further inspection, found that the gun was loaded with four live rounds of ammunition and contained one fired shell casing. The same officer also found a hole, approximately the size of a bullet, in a screen in the bedroom window. The officer testified that the gun had a strong odor of gunpowder, which is not normal if a gun has been sitting for a length of time. Appellant's mother testified that she owns a .38 caliber gun, which she keeps in a file cabinet drawer in her bedroom; that when she left on the morning of the incident to go to work, the gun was locked in the file cabinet; that the key to the file cabinet was in a little box on top of the file cabinet; and that appellant knows the location of the key. Appellant was the only person in the house when the gun was found and no one was seen leaving or entering the house prior to the time the officers arrived. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of possession of a firearm. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Thompson v. State*, 168 Ga. App. 734 (2) (310 SE2d 725) (1983).

2. Appellant contends that the trial court erred in giving the following charge to the jury: "The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who though not in actual possession knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." The trial court's charge was based on the evidence (see Division 1) and was a correct statement of the law, *Thompson v. State*, supra at 736; therefore, we find no error in the charge. See *Griggs v. State*, 181 Ga. App. 618 (3) (353 SE2d 97) (1987).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 10, 1990.

*L. Eddie Benton, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney*, for appellee.