## S92A0996. FORD v. THE STATE.
(423 SE2d 255)

HUNT, Justice.

Roy Herman Ford was convicted of the felony murder of Buford Redding, with the underlying felony being the possession of a firearm by a convicted felon. Ford was also convicted of the underlying felony.[1] His appeal questions the validity of his felony murder conviction under the particular facts of his case. We reverse in part and affirm in part.

Ford was the boyfriend of the daughter of Louise Robinson. The victim, Redding, lived in a basement apartment at Robinson's house. On May 13, 1991, appellant went to Robinson's house, bringing with him a semi-automatic pistol. While there he attempted to unload the pistol, but in the process of being unloaded the weapon fired, sending a bullet through the floor and into Redding's apartment, where it struck and killed Redding. There is no evidence that at the time of the shooting appellant was aware of the existence of the apartment or of Redding's presence in it. It is undisputed that before the date of the killing appellant had been convicted of the felony of possession of cocaine with intent to distribute.

1. Ford contends that the "status offense" of possession of a firearm by a convicted felon is not sufficient to support a conviction for felony murder. Because, in this case, the status felony was neither inherently dangerous nor life-threatening under the circumstances of this homicide, we agree with Ford and reverse his felony murder conviction.

To arrive at this conclusion we must first consider whether dangerousness is a prerequisite to the inclusion of a felony as an underlying felony under the felony murder statute of this state. OCGA § 16-

---

[1] Redding was killed on May 13, 1991. The indictment was filed on July 10, 1991, and the verdict was returned on September 11, 1991. On September 23, 1991, appellant filed a motion for new trial. The sentence was filed on January 24, 1992, and the order denying the motion for new trial was filed on March 31, 1992. A notice of appeal was filed on April 16, 1992, and the record was docketed in this court on May 6, 1992. On June 19, 1992, the appeal was submitted for decision on briefs.

5-1 reads as follows: "A person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." It is true that this statute does not specify which felonies may predicate a felony murder conviction. Nonetheless, the statute is no more than a codification of the felony murder doctrine under the common law.[2] Its purpose is the same: to deter the commission of a dangerous or life-threatening felony.

> "The only rational function of the felony-murder rule is to furnish an added deterrent to the perpetration of felonies which, by their nature or by the attendant circumstances, create a foreseeable risk of death. This function is not served by application of the rule to felonies not foreseeably dangerous. The rule should not be extended beyond the rational function. Moreover, application of the rule to felonies not foreseeably dangerous would be unsound analytically because there is no logical basis for imputing malice from the intent to commit a felony not dangerous to human life." [*Kansas v. Goodseal*, 553 P2d 279, 285 (Ks. 1976), quoting the Delaware Supreme Court in *Jenkins v. State*, 230 A2d 262 (Del. 1967).][3]

As the *Goodseal* court observed, the imputation of malice is dependent upon the dangerous nature of a felony or the perpetrator's life-threatening state of mind accompanying its commission. See also *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992). Therefore, under a proper interpretation of our statute, "a felony" means any felony that is dangerous per se, or "which by the attendant circumstances, create[s] a foreseeable risk of death." *Goodseal*, supra.

A status felony, including the possession of a firearm by a previously convicted felon, is not inherently dangerous. To be sure, circumstances may well exist under which such a felony may be considered dangerous, but such circumstances are undeniably absent in this case.[4] We hold, therefore, that the possession of the firearm by Ford, alone, under these circumstances which involve no assault nor any

---

[2] Georgia first enacted a felony murder statute in 1811. Ga. L. 1811, p. 540.

[3] The Kansas felony murder statute, at the time of the *Goodseal* opinion, was also an "any felony" statute. K.S.A. 1970 Supp. 21-3401.

[4] Compare, for example, the circumstances present in *Scott v. State*, 250 Ga. 195 (297 SE2d 18) (1982); *Johnson v. State*, 258 Ga. 856 (376 SE2d 356) (1989); *Hall v. State*, 259 Ga. 243 (378 SE2d 860) (1989); and *Rainwater v. State*, 260 Ga. 807 (400 SE2d 623) (1991). In all of these cases, the possession or status felony was coupled with an aggravated assault or other dangerous felony. In *Hall*, supra, we held that when the weapon possessed by the convicted felon was used in an aggravated assault which resulted in a homicide, there was sufficient connection between the possession felony and the homicide to satisfy the felony murder statute. *Hall*, supra at 244. Here, any such connection is at best tenuous.

other criminal conduct, is not a felony upon which a felony murder conviction may be obtained, and that conviction must be reversed.[5]

2. The evidence was sufficient for a rational trier of fact to have found appellant guilty beyond a reasonable doubt of possession of a firearm by a convicted felon and of the offense of involuntary manslaughter in the commission of an unlawful act other than a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant's remaining enumerations of error are mooted by our reversal of his conviction for felony murder. His conviction for the possession of a firearm by a convicted felon is affirmed and Ford may be retried for the offense of involuntary manslaughter in the commission of a misdemeanor. *Head v. State*, 253 Ga. 429, 432 (322 SE2d 228) (1984); *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Bell, P. J., who concurs in the judgment only; Hunstein, J., not participating.*

DECIDED DECEMBER 3, 1992.

Sinnreich & Francisco, Elizabeth R. Francisco, John R. Francisco, for appellant.

Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney, for appellee.

---

[5] The much-discussed cases of *Baker v. State*, 236 Ga. 754 (225 SE2d 269) (1976) and *Malone v. State*, 238 Ga. 251 (232 SE2d 907) (1977), present the view that the Georgia statute is not limited to dangerous felonies. Respectively, those cases involved the questions whether the merger rule should apply to an aggravated assault and whether voluntary manslaughter could support a felony murder conviction. Neither case involved a non-violent felony. Both cases suggested that status felonies may lack the requisite "connection" with a homicide to support a felony murder conviction. Thus, the *result* reached by this decision does not conflict with those holdings. In fact, a reversal of this conviction based on a lack of connection between the homicide and the felony would be supported by those holdings.