A94A0212. HOLCOMB v. THE STATE.
(443 SE2d 662)

SMITH, Judge.

Rodney Holcomb was charged with cruelty to animals, reckless conduct, and possession of a firearm by a convicted felon, in connection with the shooting of a neighbor's dog. In a bifurcated trial, a jury acquitted him of the offenses of cruelty to animals and reckless con-

duct. The State then presented evidence of a prior felony conviction, and the jury found Holcomb guilty on the firearm charge. His motion for new trial was denied.

1. Holcomb contends the evidence was insufficient to support his conviction on the firearm charge. After the jury found him not guilty on the other two charges, the only evidence presented by the State in the second stage of the trial was a certified copy of his prior indictment, plea, and sentence. Holcomb argues that possession of the gun, an essential element of the offense charged, was not proved by the State. There is no merit in this contention.

OCGA § 16-11-131 (b) provides in pertinent part that a felon who "receives, possesses, or transports any firearm commits a felony." In the trial on the other two charges, three witnesses testified that they saw Holcomb on his porch holding a .22 caliber rifle. Although Holcomb's wife testified that she was the one who shot the dog, the jury was authorized to believe that the witnesses saw Holcomb in possession of the rifle. This evidence was incorporated by reference into the trial on the firearms count and showed that Holcomb "possessed" a rifle. Evidence of Holcomb's prior conviction of a felony provided the additional element necessary for conviction.

The jury's acquittal of Holcomb on the cruelty to animals and reckless conduct charges did not preclude their finding of guilt on this charge. See generally *Head v. State*, 253 Ga. 429, 432 (3) (c) (322 SE2d 228) (1984). The evidence was sufficient to enable a rational finder of fact to find Holcomb guilty beyond a reasonable doubt of possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Holcomb enumerates as error the trial court's jury charge on the law regarding possession, including actual and constructive possession and joint and sole possession. During deliberations, the jury sent the court a note, which the court shared with the prosecutor and counsel for Holcomb. The note asked whether the wife had the right to possess a firearm in the same house as the defendant and requested a definition of "possession." In response, the court charged the jury that the law recognized different types of possession, including actual and constructive, joint and sole. The court instructed the jury that it "would be authorized to convict only if you should find beyond a reasonable doubt that the defendant knowingly had actual or constructive possession, either alone or jointly with others."

When jurors request instructions on any point, it is the court's duty to so instruct them. *Edwards v. State*, 233 Ga. 625, 626 (2) (212 SE2d 802) (1975). The instructions given by the trial court accurately stated the law and were adjusted to the evidence. See *Kennedy v. State*, 197 Ga. App. 220, 221 (2) (398 SE2d 249). We find no error.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 15, 1994.

William W. Keith III, for appellant.

Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney, for appellee.