S94A1584, S94A1586. ROLLER v. THE STATE (two cases).
(453 SE2d 740)

SEARS, Justice.

Jackie Ray Roller was indicted for murder, felony murder, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime, all in connection with the shooting death of his former spouse. A jury convicted Roller of felony murder and possession of a firearm during the commission of a crime, and the trial court sentenced Roller to life imprisonment and a consecutive

---

five years, respectively.[1]

1. The victim died after being shot in the back in a supermarket parking lot. At trial, the State presented evidence showing that from the time they separated until the time the victim died Roller had harassed the victim and threatened to kill her if she did not return to him. On the morning of the victim's death, Roller stopped the victim in the parking lot that she customarily used as a shortcut when driving to her office. According to witnesses present in the parking lot, Roller's truck was parked next to the victim's car, Roller and the victim were standing outside of the vehicles arguing in loud voices, Roller chased the victim, and she yelled "Oh, no, please don't." Witnesses then heard gunshots, and saw Roller throw what looked like a gun in his truck and drive off. The victim was found lying dead in a pool of blood beside her car. There was a tire track through the pool of blood which matched the tires on Roller's truck, and his truck tires and truck body had blood on them which matched the victim's uncommon blood type. We find the evidence sufficient to allow a rational trier of fact to find Roller guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The indictment named possession of a firearm by a convicted felon as the offense underlying the felony murder charge. Relying on *Ford v. State*, 262 Ga. 602 (423 SE2d 255) (1992), Roller argues that the trial court erred in allowing that offense to underlie the felony murder conviction. However, unlike the offense in *Ford*,[2] under the circumstances of this case the status offense has an undeniable connection to the homicide, see *Hall v. State*, 259 Ga. 243, 244 (378 SE2d 860) (1989), and was dangerous and life threatening, see *Ford v. State*, 262 Ga. at 603. There is no merit to this argument.

3. We have considered the appellant's remaining enumerations and we find no error requiring reversal.[3]

---

[1] The crimes were committed on April 25, 1990, and Roller was indicted during the November 1990 term of the Clayton County grand jury. Roller was tried December 2-11, 1991, and sentenced December 11, 1991. The court reporter certified the trial transcript on April 20, 1992, and May 20, 1992. Roller filed a motion for new trial on January 9, 1992, which was amended, supplemented, or restated on November 22, 1993, December 1, 1993, January 7, 1994, February 3, 1994, February 4, 1994, February 11, 1994, March 15, 1994, April 4, 1994, and April 26, 1994. The trial court denied the motion for new trial on May 18, 1994. Roller filed a notice of appeal on May 10, 1994, and another notice of appeal on June 7, 1994. The appeal was docketed in this court on July 14, 1994, and was submitted for decision without oral argument on September 6, 1994.

[2] Ford was unloading a firearm when it fired and the shot went through the floor and killed a person in the apartment below.

[3] Roller also made the following arguments: that the grand and traverse juries were improperly convened; that the trial court's reasonable doubt charge was legally insufficient; that the trial court erred in admitting evidence of a similar transaction; that his truck was unlawfully seized; that the conviction for possession of a firearm during the commission of a crime

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 1995 —
RECONSIDERATIONS DENIED MARCH 20, 1995.

Jackie R. Roller, *pro se.*

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney, Michael J. Bowers, Attorney General, Peggy R. Katz, Assistant Attorney General,* for appellee.

---

should be merged with the felony murder conviction; that the trial court erred in refusing to appoint replacement appellate counsel, after granting Roller's motion to dismiss original appointed appellate counsel, without holding a hearing to determine if original appellate counsel was ineffective; and that it was error for the trial court to refuse to grant Roller's pro se motion for new trial based on ineffectiveness of pre-indictment counsel, trial counsel, or appellate counsel, or any of these.