## A99A1643. INGRAM v. THE STATE.
### (523 SE2d 31)

BLACKBURN, Presiding Judge.

Following a jury trial, Steven Bernard Ingram appeals his conviction of possession of a firearm by a convicted felon, contending that the trial court erred by failing to dismiss the indictment for felony murder and that the evidence was insufficient to support his conviction. For the reasons set forth below, we affirm.

1. After the jury was sworn in, but prior to hearing evidence, Ingram moved to dismiss the indictment for felony murder on the grounds that the underlying felony, possession of a firearm by a convicted felon, will not support a conviction for felony murder. A motion to dismiss is essentially a general demurrer challenging the validity of the indictment. See *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977). Such a general demurrer is valid only if " 'the defendant can admit all that is charged and still be innocent[; if he can,] the indictment is fatally defective.' " *Marshall v. State*, 229 Ga. 841, 842 (195 SE2d 12) (1972). Since the offense of possession of a firearm by a convicted felon can support a conviction for felony murder, the indictment was not defective. See *Metts v. State*, 270 Ga. 481 (511 SE2d 508) (1999); *Roller v. State*, 265 Ga. 213 (453 SE2d 740) (1995).

*Ford v. State*, 262 Ga. 602 (423 SE2d 255) (1992), cited by Ingram, does not require a different result. In *Ford*, the Supreme Court held that, under the facts of that case, a conviction for felony murder was not supported by the status offense of possession of a firearm by a convicted felon because the evidence at trial did not show that the possession of the firearm created a foreseeable risk of death. In the present case, Ingram challenged the validity of the indictment, not the conviction. Thus, it is the legal sufficiency of the indictment, not the evidence, which is at issue. The trial court properly denied the motion.

2. Ingram next argues that there was insufficient evidence to support his conviction of possession of a firearm by a convicted felon, contending the State failed to prove his status as a convicted felon.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Ingram] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Barber v. State*, 235 Ga. App. 170 (509 SE2d

93) (1998). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A prior felony conviction is an essential element of OCGA § 16-11-131. *Holcomb v. State*, 213 Ga. App. 15 (443 SE2d 662) (1994). At trial Ingram objected to the admission into evidence of a prior indictment for armed robbery on the grounds that it did not show that he had pled guilty or whether he was represented by counsel. To resolve the objection, the trial court inquired whether admitting the sentence but not the indictment would satisfy Ingram's objection. Counsel stated it would, whereupon a certified copy of the five-year sentence was admitted, without objection, as evidence of the prior conviction of armed robbery. The sentence showed both that Ingram had pled guilty to armed robbery and that he had been represented by counsel. Additional evidence showed that Ingram, using a gun in his possession, shot the victim. This evidence is sufficient to authorize his conviction for possession of a firearm by a convicted felon. See *Jackson*, supra.

On appeal, Ingram argues that the previous indictment for armed robbery failed to show that he had entered the guilty plea voluntarily. Since the indictment was not admitted at trial, we have nothing to consider on appeal.

We note that Ingram raised no other objections with regard to the voluntariness of the guilty plea. The burden is on Ingram, rather than the State, to prove by a preponderance of evidence that his previous guilty plea was not knowingly and voluntarily entered. See *Nash v. State*, 271 Ga. 281, 284 (519 SE2d 893) (1999) ("recidivism defendant carries the burden of production in a collateral attack on a final judgment").

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 28, 1999.

*Lee Sexton*, for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney*, for appellee.

