## S00A1201. MOSLEY v. THE STATE.
(536 SE2d 150)

FLETCHER, Presiding Justice.

A jury found Lyndon Dechard Mosley guilty of voluntary manslaughter and felony murder in connection with the stabbing death of Ronald Gaines at Southwest DeKalb High School.[1] Mosley contends

---

[1] The stabbing occurred on September 18, 1997. Mosley was indicted on October 16, 1997. A jury found him guilty on April 17, 1998, and the trial court sentenced him on December 4, 1998. Mosley filed a motion for a new trial on December 29, 1998, which was

that the offense of possession of a weapon on school property under OCGA § 16-11-127.1 is not inherently dangerous and therefore should not serve as the basis for his conviction and sentence for felony murder. Because we conclude that Mosley's possession of a weapon on school property was dangerous under the circumstances in this case, we affirm.

1. The evidence presented at trial shows that Mosley, then a 14-year-old student, and 16-year-old Gaines, a junior, exchanged words and then argued for several minutes next to the athletic field behind the school during the last period of school. As the confrontation continued in front of a crowd of students, Mosley pulled a knife from his pants pocket and Gaines picked up a rock. Gaines threw the rock down and started to walk away, but someone challenged him to stay and fight. Gaines then turned around and went towards Mosley, swinging at him. Mosley stabbed Gaines once in the chest; he exchanged high fives with a friend before running from the scene. Saying he had been stabbed, Gaines was helped up a flight of steps before he collapsed next to a school building. The pathologist testified that the knife had penetrated Gaines' heart and lungs and he bled to death within minutes of the stabbing. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Mosley guilty of the crimes charged.[2]

2. The jury convicted Mosley of voluntary manslaughter on the malice murder charge in count one, felony murder with the underlying felony of aggravated assault in count two, felony murder with the underlying felony of possession of a weapon on school property in count three, and possession of a weapon on school property in count four. The trial court entered a judgment of conviction only on count three, and the verdicts on counts one, two, and four were vacated by operation of law.[3] Therefore, the trial court did not sentence Mosley for voluntary manslaughter and felony murder based on the same aggravated assault and there is no sentence to vacate on count two.[4]

3. Mosley seeks to vacate the felony murder conviction for which he was sentenced based on our decision in *Ford v. State*.[5] In *Ford*, this

---

denied on February 14, 2000. Mosley filed a notice of appeal on February 15, 2000. The case was docketed on April 5, 2000, and submitted for decision without oral arguments on May 29, 2000.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See OCGA § 16-1-7; *Goforth v. State*, 271 Ga. 700 (523 SE2d 868) (1999); *Malcolm v. State*, 263 Ga. 369, 373 (434 SE2d 479) (1993).

[4] See *Darden v. State*, 271 Ga. 449 (519 SE2d 927) (1999) (defendant cannot be sentenced for felony murder and voluntary manslaughter based on the same underlying aggravated assault); *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992) (adopting a modified merger rule).

[5] 262 Ga. 602 (423 SE2d 255) (1992).

Court reversed a felony murder conviction because the underlying felony, which was the status offense of possession of a firearm by a convicted felon, was not inherently dangerous under the circumstances. In that case, Ford was unloading a semi-automatic pistol when it fired, sending a bullet through the floor and into a downstairs apartment where it killed a tenant. We held that the possession of the firearm alone, without an assault or other criminal conduct, was not a felony that could support a felony murder conviction.[6]

In *Ford*, we defined "a felony" under the felony murder statute as meaning any felony that is "dangerous per se" or by its circumstances creates a foreseeable risk of death.[7] In determining whether a felony meets that definition, this Court does not consider the elements of the felony in the abstract, but instead considers the circumstances under which the felony was committed.[8] Since our decision in *Ford*, we have refused to apply the non-dangerous felony rule to other cases involving possession of a firearm by a convicted felon[9] or misuse of a firearm while hunting.[10]

Similarly, we conclude that the possession of the weapon on school property under the circumstances in this case was dangerous and created a foreseeable risk of death. Mosley told a friend before the initial confrontation that he had his knife at school that day; the possession of the knife may have influenced his decision to confront the taller and heavier Gaines. During the verbal sparring and physical pushing between the two students, Gaines wanted Mosley to put down the knife so he could "fight fair" and picked up the rock in response to seeing the weapon. When a student intervened and tried to break up the fight, he grabbed Mosley's hand and the knife cut him. The crowd cited the presence of the knife as both a reason that

---

[6] Id. at 603-604. See generally *Baker v. State*, 236 Ga. 754, 755-758 (225 SE2d 269) (1976) (discussing both the non-dangerous felony problem and the merger problem of the felony murder rule); *Johnson v. State*, 258 Ga. 856, 859-860 (376 SE2d 356) (1989) (Hunt, J., concurring specially) (contending that legislature intended to include only felonies that are inherently dangerous or bear a causal relation to the death as the underlying felony in a felony murder conviction).

[7] 262 Ga. at 603; see OCGA § 16-5-1 (c) ("A person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice.").

[8] See, e.g., *Roller v. State*, 265 Ga. 213 (453 SE2d 740) (1995). See generally *State v. Stewart*, 663 A2d 912 (R.I. 1995) (discussing adoption of approach used in majority of states that considers the facts and circumstances of the particular case in determining if the felony was inherently dangerous in the manner and circumstances in which it was committed).

[9] See, e.g., *Metts v. State*, 270 Ga. 481 (511 SE2d 508) (1999) (possession of firearm was dangerous and life-threatening when defendant pointed a loaded, cocked gun at human being outside window); see also *Sims v. State*, 265 Ga. 35, 36 n. 2 (453 SE2d 33) (1995) (defendant created foreseeable risk of death by searching for victim while armed with an automatic pistol).

[10] *Chapman v. State*, 266 Ga. 356, 357-358 (467 SE2d 497) (1996).

Gaines should walk away from the fight or, alternatively, stay and fight. This evidence shows that Mosley's possession of the knife played a critical role in escalating a typical schoolyard fight into a homicide.

In addition, the purpose of the felony-murder statute and OCGA § 16-11-127.1 supports our conclusion that the underlying possession offense is sufficient to support Mosley's conviction for felony murder. The function of the felony murder rule is to furnish an added deterrent to the perpetration of felonies that create a foreseeable risk of death by their nature or circumstances.[11] The General Assembly enacted OCGA § 16-11-127.1 as part of the School Safety and Juvenile Justice Report Act to reduce school violence and enhance school safety by banning weapons at school functions or on school property.[12] Given the grisly incidents of violence at schools across the country during the past three years,[13] this Court does not want to undercut the deterrent effect of the felony murder rule or downplay the danger associated with the possession of weapons on school property.

4. Regarding the disputed evidentiary issue, the trial court did not abuse its discretion in admitting evidence of a confrontation that Mosley had with school authorities immediately preceding his fight with Gaines.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in the judgment and in Divisions 1, 2, and 4.*

DECIDED OCTOBER 10, 2000.

*Tony L. Axam,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.

---

[11] See *Ford,* 262 Ga. at 603.

[12] 1994 Ga. Laws 1013, 1015-1016.

[13] See Armstrong Williams, *Do Feel-Safe Laws Make Us Any Safer?*, Wash. Times, Nov. 13, 1999, at A10 (citing schoolyard murders in Kentucky, Arkansas, Oregon, Mississippi, and Colorado).