## S06A1943. TURNER v. THE STATE.
(640 SE2d 25)

THOMPSON, Justice.

Defendant Vincent Turner was convicted of three counts of felony murder and other offenses in connection with the death of Lovett Strozier.[1] He appeals, arguing the sufficiency of the evidence, the trial

---

[1] Turner crashed into Strozier's car while fleeing from police on October 26, 2002. Turner was indicted on February 18, 2003, and charged with three counts of felony murder, aggravated assault with a deadly weapon, fleeing and attempting to elude a peace officer, theft by receiving stolen property, driving with a suspended license, and obstruction of a law enforcement officer. Trial commenced on February 9, 2004. The court directed a verdict of acquittal on the count of

court's refusal to instruct the jury on involuntary manslaughter, and a sentencing error. For the reasons below, we affirm in part and vacate and remand in part.

Construing the evidence in the light most favorable to the verdict, we find the following:

Vincent Turner stole an unattended vehicle from the parking lot of an Atlanta gas station. While driving the car a few days later, Turner fled from an Atlanta police officer. Turner fled from marked police cars operating their lights and sirens for five to ten minutes, despite repeated requests by his passenger, Cassiem Johnson, to stop the car. The pursuit reached speeds of 70 mph in a residential neighborhood. When Turner and Johnson saw the victim's vehicle in an intersection, Turner crashed into the vehicle and killed the victim. Turner was apprehended by police at the scene.

1. Taken in the light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to find Turner guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(a) Turner argues that the State failed to introduce evidence that possession of the stolen automobile caused Strozier's death; that possession of stolen property is not inherently dangerous; and that, therefore, the stolen automobile offense cannot support the felony murder conviction predicated upon that offense. Turner cites *Ford v. State*, 262 Ga. 602 (423 SE2d 255) (1992), for the proposition that a felony status offense which is not inherently dangerous is not sufficient to support a felony murder conviction. In *Ford* this court declined to find that possession of a firearm by a convicted felon supported a felony murder conviction where the defendant, while reloading his gun, accidentally shot and killed the victim.

However "[t]he function of the felony murder rule is to furnish an added deterrent to the perpetration of felonies that create a foreseeable risk of death by their nature or circumstances." *Mosley v. State*, 272 Ga. 881, 884 (3) (536 SE2d 150) (2000). "In determining whether a felony meets [the *Ford*] definition, this Court does not consider the elements of the felony in the abstract, but instead considers the circumstances under which the felony was committed." Id. at 883.

driving with a suspended license; on February 16, 2004, the jury convicted Turner of all counts, except obstruction of a law enforcement officer. On February 16, 2004, the trial court entered mandatory life sentences on the three felony murder counts, to be served concurrently, it merged the other convictions with the first felony murder count. Turner filed a motion for new trial on February 16, 2004, and an amended motion for new trial (pro se) on March 15, 2004. The motion for new trial was denied on August 17, 2005. Turner filed a timely notice of appeal and the case was docketed in this court on May 12, 2006. The case was submitted for decision on the briefs on September 18, 2006.

In *Mosley*, we considered whether possession of a knife on school property was sufficient to support a felony murder charge. We held under the circumstances of that case that it was, because the defendant's possession of a knife may have influenced his decision to confront and fight with his victim. Id. at 883. "This evidence shows that Mosley's possession of the knife played a critical role in escalating a typical schoolyard fight into a homicide." Id. at 884.

Similarly here, Turner's possession of the stolen car played a role in his decision to flee — he may have believed he could escape in the stolen car, where he could not have escaped on foot. The decision to remain in the stolen car in order to flee created a foreseeable risk of death. Accordingly, under the facts of this case we find that possession of a stolen automobile was sufficient to support a felony murder conviction.

(b) Turner argues that the State failed to prove Turner intended to commit aggravated assault, because the evidence does not show he was using the stolen vehicle "offensively" at the time of the collision. However, the State is not required to prove specific intent; the issue is whether defendant possessed a general intent to injure. See *Durrance v. State*, 250 Ga. App. 185 (2) (549 SE2d 406) (2001). "Although an automobile is not per se a deadly or offensive weapon, it may become one depending on the manner and means by which the vehicle is used. The question of whether an automobile has been used in such a manner . . . is one for the jury to resolve." Id. at 187. The jury was authorized to infer from Turner's conduct that he had an intent to injure Strozier, or anybody who was in his way while he attempted to elude police.

2. Turner argues that the trial court improperly refused to charge the jury as to involuntary manslaughter, because the death occurred while he was speeding and failing to yield the right of way at an intersection. However, for a charge of involuntary manslaughter to be given, the unlawful act underlying the unintentional death of the victim must be an act other than a felony. *Jenkins v. State*, 270 Ga. 607 (2) (512 SE2d 269) (1999). The State did not allege that the victim died as a result of non-felony conduct; rather, the State demonstrated that Turner committed a felony in the course of fleeing and attempting to elude police. Therefore, the trial court properly declined to issue an involuntary manslaughter instruction.

3. Turner argues that although he was convicted on three counts of felony murder he may only receive one life sentence because there was only one victim. The State concedes that there is only one homicide victim, and that only one life sentence may be imposed. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). We agree that Turner "may not be convicted on [three] felony murder counts when only one person was killed because such action improperly

subjects [him] to multiple convictions and punishments for one crime." *Rhodes v. State,* 279 Ga. 587, 589 (2) (619 SE2d 659) (2005); OCGA § 16-1-7 (a). Accordingly, we remand this case to the lower court to exercise its discretion in re-sentencing Turner. *Rhodes v. State,* supra; *Harris v. State,* 274 Ga. 835 (2) (561 SE2d 73) (2002).

*Judgment affirmed in part and vacated and remanded in part. All the Justices concur.*

DECIDED JANUARY 8, 2007.

*Carl P. Greenberg,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Ayana C. Curry, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General,* for appellee.