S10A0254. DAVIS v. THE STATE.
(695 SE2d 251)

CARLEY, Presiding Justice.

A jury found Justin Davis guilty of felony murder during the commission of a drug offense while in possession of a deadly weapon in a residential area, and of a count separately charging the underlying felony, specifically criminal attempt to possess more than one ounce of marijuana. The trial court entered judgments of conviction

and sentenced Davis to life imprisonment for felony murder and five years in confinement for the drug offense, to run concurrently with the life sentence. The trial court subsequently vacated the sentence for the drug offense, finding that it merged into the felony murder conviction. Davis appeals after the denial of a motion for new trial.*

1. Construed most strongly in support of the verdict, the evidence shows that Davis and his brother went to an apartment to buy marijuana from the victim, Lafe Dalton, and another man. During the transaction, an altercation ensued, and Davis shot and killed the victim. The evidence was sufficient for a rational trier of fact to find Davis guilty beyond a reasonable doubt of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Davis, who testified that he shot the victim in self-defense, contends that the trial court erred in failing to instruct the jury clearly that he could invoke justification as a defense. However, the transcript shows that the trial court gave the pattern jury instruction on the defense of justification, as specifically requested by Davis. Because Davis "himself requested this charge . . . , he is precluded from attacking it on appeal. [Cit.]" *Parker v. State*, 276 Ga. 598, 600 (4) (581 SE2d 7) (2003). Subsequently, during deliberations, the jury asked a question regarding justification. In response, the trial court reread to the jury the entire pattern charge on justification. Contrary to Davis' claim, the trial court committed no error since, "viewed as a whole, the recharge was a correct and accurate statement of the law." *Wilson v. State*, 268 Ga. 527, 529 (3) (491 SE2d 47) (1997). A short time later, the jury posed another question, asking if the commission of a felony automatically nullified any claim of self-defense. Davis suggested that the trial court simply recharge the jurors that it is their duty to apply the law to the facts. That is precisely what the trial court did, instructing the jury that it must determine the facts from the evidence and apply the law as charged to those facts. "Even if the charge was incorrect, such invited error is not grounds for reversal. [Cit.]" *Whatley v. State*, 270 Ga. 296, 300 (10) (d) (509 SE2d 45) (1998).

3. At Davis' request, the trial court charged the jury that "the underlying felony for a felony murder conviction . . . must be inherently dangerous to human life," either dangerous per se or "by

---

* The felony murder occurred on March 30, 2006, and the grand jury returned the indictment on November 6, 2006. The jury found Davis guilty on December 1, 2006, and the trial court entered judgment on December 4, 2006. Davis filed a motion for new trial on December 8, 2006. Amended motions for new trial were filed on October 15, 2007, and August 7, 2009, and were denied on August 26, 2009. The notice of appeal was filed on September 10, 2009. The case was docketed in this Court on October 19, 2009, and oral argument was held on February 15, 2010.

its circumstances creat[ing] a forseeable risk of death," and that, "in determining whether a felony meets that definition, th[e] [trial] [c]ourt does not consider the elements of the felony in the abstract but, instead, considers the circumstances under which the felony was committed." During deliberations, the jury asked the following question: "Can you define possession of a deadly weapon in a residential area as it relates to Count 7 [felony murder]? Specifically, does the defendant have to introduce the weapon or does holding the weapon complete possession?" Both the State and Davis agreed that the trial court should define actual and constructive possession for the jury, and that it should ask the jury to clarify what it meant by "introduce." The trial court then asked for such clarification, and the jury indicated that it meant "bring." After a bench conference, the judge instructed the jury that the defendant did not have to bring the gun in order to possess it, and then gave the legal definitions of actual and constructive possession. Davis claims that in responding to the jury's question, the trial court erroneously failed to instruct the jury that it must consider all of the circumstances in determining whether the underlying felony was inherently dangerous or created a foreseeable risk of death.

It appears that such an additional jury instruction would not have been legally accurate. See *Shivers v. State*, 286 Ga. 422, 424 (3) (688 SE2d 622) (2010). However, even assuming that the giving of that charge would have been proper, "[t]he need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. [Cit.]" *Peebles v. State*, 260 Ga. 165, 167 (5) (a) (391 SE2d 639) (1990). Indeed, " 'where the jury requests further instructions upon a particular phase of the case, the court in (its) discretion may recharge them in full, or only upon the point or points requested.' [Cits.]" (Emphasis omitted.) *Duffie v. State*, 273 Ga. 314, 316 (2) (540 SE2d 194) (2001). Here, because "[t]he trial court gave additional instructions to the jury which addressed only the jury's specific questions[, w]e find no abuse of discretion." *Peebles v. State*, supra. See also *Appling v. State*, 256 Ga. 36, 38 (2) (343 SE2d 684) (1986) ("within the court's discretion to recharge only that which is specifically requested").

*Judgment affirmed. All the Justices concur.*

NAHMIAS, Justice, concurring.

This Court has long held, I believe dubiously, that to establish the crime of felony murder in Georgia, the underlying felony must be "dangerous or life-threatening." *Ford v. State*, 262 Ga. 602, 603 (423 SE2d 255) (1992). See *Shivers v. State*, 286 Ga. 422, 425-427 (688 SE2d 622) (2010) (Nahmias, J., concurring specially) (questioning

this holding). Thus, if the felony at issue is not deemed dangerous per se (that is, in every case), the question is not " 'the elements of the felony in the abstract, but instead . . . the circumstances under which the felony was committed.' " *Shivers*, 286 Ga. at 424 (quoting *Mosley v. State*, 272 Ga. 881, 883 (536 SE2d 150) (2000)). In other words, when the underlying felony is not dangerous per se, whether the defendant is guilty of felony murder " '[d]epend[s] on the facts' " of the particular case. Id. (quoting *Hines v. State*, 276 Ga. 491, 493 (578 SE2d 868) (2003)). The Court recently held in *Shivers* that this case-specific factual question may be decided by the trial court rather than submitted to the jury. See id. at 423-425. The Court today reiterates that a jury instruction on this issue is not "legally accurate." Majority Op. at 175.

I have explained why I believe the combined holdings of *Ford* and *Shivers*, which create a factual element of the felony murder offense and then allow that element to be determined by the trial judge on the facts of a specific case, violate the Sixth Amendment, which " 'gives a criminal defendant the right to demand that a jury find him guilty of all the elements of the crime with which he is charged.' " *Shivers*, 286 Ga. at 429 (Nahmias, J., concurring specially) (quoting *United States v. Gaudin*, 515 U. S. 506, 511 (115 SC 2310, 132 LE2d 444) (1995)). However, because I currently stand alone in this view, I will follow *Ford* and *Shivers* as stare decisis in this case and future cases. If my concerns are well-founded, they will need to be addressed to the General Assembly or to the Supreme Court of the United States. With this explanation, I join the majority opinion in full.

DECIDED MAY 17, 2010.

*Sheuli C. Wang, James C. Bonner, Jr.*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Elizabeth A. Baker, Bettieanne C. Hart*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Amy H. Morelli*, Assistant Attorney General, for appellee.