## S11A0721. JOHNSON v. THE STATE.
(715 SE2d 99)

MELTON, Justice.

Following a jury trial, Eric Johnson appeals his conviction for felony murder, theft by receiving stolen property, felony fleeing and attempting to elude police, and aggravated assault, contending,

among other things, that the trial court's instructions to the jury were erroneous.[1] For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on November 7, 2002, Johnson led police on a high-speed chase while driving a stolen car. After running red lights and hitting another vehicle along the way, Johnson drove the stolen car across the center line of the road and crashed into the car being driven by Robert Hairston. Although alert at the scene, Hairston died at the hospital three days later when a blood clot in his leg traveled to his lungs. The medical examiner testified that he believed that the blood clot formed while Hairston was kept immobilized to treat his injuries. Similar transaction evidence was also admitted showing that Johnson led police on a high-speed chase in another stolen vehicle less than a year earlier.

This evidence was sufficient to enable the jury to determine that Johnson was guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Johnson attempts to avoid this result, however, by arguing both that the collision was merely an accident rather than an aggravated assault and that theft by receiving a stolen vehicle cannot serve as a predicate for felony murder because it is not an inherently dangerous act. Johnson argues that, as a result, his convictions for aggravated assault, felony murder based on aggravated assault, and felony murder based on theft by receiving a stolen vehicle must be overturned. These contentions, however, have previously been decided adversely to Johnson in *Turner v. State*, 281 Ga. 487 (640 SE2d 25) (2007). With regard to aggravated assault, Johnson maintains that the evidence shows he had no specific intent to injure anyone.

[T]he State[, however,] is not required to prove specific intent; the issue is whether defendant possessed a general

---

[1] On February 18, 2003, Johnson was indicted in Fulton County for three counts of felony murder as well as theft by receiving stolen property, felony fleeing and attempting to elude, and aggravated assault, each of which served as a predicate for the felony murder counts. After the trial court directed a verdict in Johnson's favor on felony murder based on fleeing and attempting to elude, a jury found Johnson guilty on all remaining counts on February 18, 2005. Johnson was sentenced to life imprisonment for one count of felony murder and five consecutive years for both aggravated assault and attempting to flee and elude. The remaining charges were merged for purposes of sentencing. On March 29, 2005, Johnson filed an out-of-time motion for new trial and an amended motion on September 11, 2008. The trial court denied the motion on February 16, 2009. After having two attempts to appeal dismissed by this Court on January 25, 2010 and September 7, 2010, Johnson's case now comes before this Court based on the trial court's order granting a second out-of-time appeal entered on September 27, 2010. Johnson's timely appeal was docketed to the April 2011 term of this Court and submitted for decision on the briefs.

intent to injure. See *Durrance v. State*, 250 Ga. App. 185 (2) (549 SE2d 406) (2001). "Although an automobile is not per se a deadly or offensive weapon, it may become one depending on the manner and means by which the vehicle is used. The question of whether an automobile has been used in such a manner . . . is one for the jury to resolve." Id. at 187. The jury was authorized to infer from [Johnson's] conduct that he had an intent to injure [Hairston], or anybody who was in his way while he attempted to elude police.

*Turner*, supra, 281 Ga. at 489 (1) (b).

With regard to Johnson's argument that theft of an automobile cannot serve as a predicate offense for felony murder,

> [Johnson's] possession of the stolen car played a role in his decision to flee — he may have believed he could escape in the stolen car, where he could not have escaped on foot. The decision to remain in the stolen car in order to flee created a foreseeable risk of death. Accordingly, under the facts of this case we find that possession of a stolen automobile was sufficient to support a felony murder conviction.

Id. at 489 (1) (a). Therefore, Johnson's arguments that the evidence was insufficient fail.

2. Johnson contends that the trial court erroneously included an improper definition of the term "collateral" during a re-charge to the jury regarding felony murder. The record shows that, in its initial charge to the jury, the trial court gave the full pattern charge on felony murder, stating:

> In order for a homicide to have been done in the commission of this particular felony, there must be some connection between the felony and the homicide. The homicide must have been done in carrying out the unlawful act and not collateral to it. It's not enough that the homicide occurred soon or presently after the felony was attempted or committed, there must be such a legal relationship between the homicide and the felony so as to cause you to find that the homicide occurred because the felony was — the homicide occurred before the felony was at an end or before any attempt to avoid conviction or arrest for that felony. The felony must have a legal relationship to the homicide.

The trial court repeated this passage twice, once for each count of felony murder. After deliberations had begun, the jury requested a

re-charge on felony murder, and the trial court repeated the cited passage for a third time. The jury deliberated for a while longer and then asked the trial court for a definition of the term "collateral." The trial court then proceeded to give the jury the pattern charge on felony murder for the fourth time. As part of this re-charge, the trial court added:

> Collateral means separate and apart. And this — the felony must have caused the homicide or be a part of the homicide. Collateral would be like a separate offense that would have no connection whatsoever to the homicide. It is not enough that the homicide occurred soon or presently after a felony was attempted or completed. It must be in such legal relationship between the homicide and the felony so as the felony caused the homicide, and it occurred before the felony came to an end. The felony must have a legal relationship to the homicide, be at least concurrent with it and happened at the same time or be part of it in [an] actual and material sense.

Johnson now contends that, by giving this last charge, the trial court "watered down" the nexus requirement between the felony and the death of the victim and instructed the jurors that any dangerous felony that has any connection whatsoever to the homicide may be used to prove a felony murder charge. The trial court's charge, however, does not support Johnson's interpretation, which is based on the isolation of one sentence in the charge coupled with specula-tion as to how jurors might have reacted to the isolated sentence out of its context. Jury instructions, however, cannot be analyzed in this manner. Instead, they must be read as a whole. See, e.g., *Hilton v. State*, 288 Ga. 201 (4) (b) (702 SE2d 188) (2010). Here, it is clear that the trial court gave jurors the pattern charge on felony murder at least three times. There was no error.

3. Johnson contends that the trial court erred by denying his request to charge the jury on vehicular homicide as a lesser-included offense of felony murder predicated on fleeing and attempting to elude officers. See *State v. Tiraboschi*, 269 Ga. 812 (504 SE2d 689) (1998). The record shows, however, that, before the case went to the jury, the trial court entered a directed verdict in Johnson's favor on the greater offense of felony murder. Therefore, as the jury did not consider the greater offense, it could likewise not consider the lesser-included offense for which Johnson had not been indicted. As a result, the trial court did not err in denying a request to instruct the jury on a lesser-included offense which was not before it.

4. Johnson argues that the trial court impermissibly commented

on the evidence when it granted a directed verdict on the count of the indictment charging Johnson with felony murder based on the underlying crime of fleeing and attempting to elude police. The trial court stated:

> Count no. 2 of this indictment attempted to charge felony murder, but it left out a necessary element in that charge and that necessary element [is that the defendant] did cause the death of a human being. Apparently by cause of some scrivener's error, they didn't put that in there and that is a necessary element to any offense. And I have ruled that a person cannot be convicted of felony murder where it did not allege someone died from this conduct and who that person was. So that defect will be on — the verdict form will have writing on it by me, and I will instruct you to find the defendant not guilty on that count because of that defect. That does not address the merits of any other counts in the case. And I wanted to point that out to you because that's where we stand right now and that's what the Court has been taking up with the attorneys while you've been waiting.

Following this statement, Johnson requested that a mistrial be declared, arguing that the trial court had improperly commented on the evidence pursuant to OCGA § 17-8-57.[2] The following day, however, the trial court instructed the jury as follows in its general charge:

> Now, there was a Count 2 in the indictment, and the Court instructs you because of a legal matter, not a matter of evidence — I have no expression of what has or has not been proved in any of these cases — that case, you should have a verdict of not guilty directed by the Court as you were not guilty because of the — of a technical defect in that charge. And I make no comment as to what was or was not proved. That's entirely up to you to decide.

The trial court's statement regarding the existence of a scrivener's

---

[2] This statute provides:

It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

error in the indictment referred only to the incomplete count. It did not contain an expression or intimation regarding the remaining counts of the indictment. Moreover, during its main charge to the jury, the trial court took the additional step of emphasizing to the jury that it had no opinion as to what had or had not been proved regarding Johnson's guilt. Under these circumstances, there was no error. See also *Patel v. State*, 282 Ga. 412, 415 (2), n. 5 (651 SE2d 55) (2007) ("We recognize that in those instances in which a technical violation of OCGA § 17-8-57 occurs in the giving of a jury charge, when the charge does not otherwise assume certain things as facts and intimate to the jury what the judge believes the evidence to be, the giving of additional or curative instructions may suffice to correct the error.") (Citation omitted.)

5. Johnson contends that his conviction for felony murder based on aggravated assault must be overturned because the trial court omitted the definition of simple assault in its initial charge to the jury and in a subsequent re-charge. The record shows that, in its definition of felony murder based on aggravated assault, the trial court did not include a definition of simple assault. In its charge to the jury on aggravated assault, however, the trial court did cover the fundamentals of simple assault. Viewing the charge as a whole, there was no error. See, e.g., *Dyer v. State*, 287 Ga. 137 (1) (695 SE2d 15) (2010).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

*Ashleigh B. Merchant*, for appellant.
*Paul L. Howard, Jr., District Attorney, Paige R. Whitaker, Stephany J. Luttrell, Assistant District Attorneys, Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.