[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17305
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-03621-ODE


JACKIE RAY ROLLER,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 13, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jackie Ray Roller, a Georgia prisoner, appeals the dismissal of his petition

for a writ of habeas corpus. 28 U.S.C. § 2254. The district court dismissed Roller's

petition for failure to obtain leave to file a second or successive application. *Id.* § 2244(b)(3)(A). We affirm.

In 1991, Roller was convicted of felony murder and possession of a firearm and sentenced to consecutive terms of life imprisonment and of five years. *Roller v. State*, 453 S.E.2d 740 (Ga. 1995). In 2003, the trial court resentenced Roller and imposed the identical sentence, after which the state court denied Roller an out-of-time appeal. Roller then filed a federal petition for a writ of habeas corpus challenging his convictions and his most recent sentence, which the district court denied on the merits. *See* 28 U.S.C. § 2254. In 2015, Roller moved the state court to clarify and nullify his sentence and conviction, but the trial court denied Roller's motion and the Supreme Court of Georgia dismissed Roller's appeal.

In 2016, Roller filed another federal petition for a writ of habeas corpus, which the district court "dismissed as impermissibly successive." *See id.* § 2244(b)(2). The district court recounted denying the petitions that Roller filed "twenty years ago . . . challeng[ing] his 1991 judgment of conviction" and after being "resentenced . . . in 2003"; "dismiss[ing] [a] third petition as impermissibly successive because [Roller] did not obtain permission from the court of appeals"; and learning that "[i]n 2011, the court of appeals denied [Roller's] application to file another § 2254 petition." The district court ruled that Roller could not circumvent the prohibition against successive petitions by challenging the

2

judgment of the state court in 2015 because those "proceedings . . . did not result in a new judgment or otherwise nullify [Roller's] previous 2254 petitions."

We review *de novo* the dismissal of a petition for a writ of habeas corpus as "second or successive." *McIver v. United States*, 307 F.3d 1327, 1329 (11th Cir. 2002). "[A] state prisoner seeking postconviction relief from the federal courts . . . [in a second or subsequent petition for a writ of habeas corpus must] comply with the gatekeeping requirements of 28 U.S.C. § 2244(b)." *Burton v. Stewart*, 549 U.S. 147, 149 (2007). Section 2244(b) requires that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The district court correctly dismissed Roller's petition, which collaterally attacked his convictions and his most recent sentence, both of which he challenged in a petition for a writ of habeas corpus that the district court denied on the merits. Roller failed to obtain from this Court leave to file a successive petition. *Id.* §§ 2244(b)(3)(A), 2255(h). Because Roller "neither sought nor received authorization from the Court of Appeals before filing . . . [his] 'second or successive' petition challenging his custody, . . . the District Court was without jurisdiction to entertain it." *Burton*, 549 U.S. at 157.

We **AFFIRM** the dismissal of Roller's petition.

3