## 35247. ELY v. THE STATE.

UNDERCOFLER, Presiding Justice.

Kevin Lyle Ely raises three enumerations of error regarding his convictions for felony murder, motor vehicle theft, and driving under the influence. We affirm.

The defendant and three companions, including two fourteen-year-old girls who had run away from their homes in Illinois, hitched a ride with Robert Jackson and Thomas Burk in Jackson's truck. After doing some drinking in the truck, the group ended up at a deserted cabin, where they built a fire and had several more drinks. Jackson, Ely and his girlfriend then left to pick up more liquor and mixers. While Jackson did the shopping, the other two decided to rob him. On the way back to the cabin, the girlfriend first played up to Jackson, then feigned sickness, and Jackson pulled off the road. While Jackson was comforting the girl, Ely pulled the gun out, told Jackson to leave her alone, and, when Jackson said something, emptied the gun, which he had taken from the glove compartment of the truck, into Jackson's side. They removed his knife, watch and chain, and billfold, and left in the truck. They were arrested when the truck was wrecked in a ditch.

The first enumeration of error raises the question whether Ely's Miranda rights were violated in obtaining his confessions. The trial court found that the rights were properly explained to and understood by Ely, and there is

evidence to support its ruling. *Hayes v. State,* 235 Ga. 46 (218 SE2d 798) (1975). The record does not support Ely's claim that he was not told of his right to have an attorney present. *Eubanks v. State,* 240 Ga. 166 (240 SE2d 54) (1978). We find no error.

Enumerations 2 and 3 relate to the charge given to the jury. In enumeration 2, the trial court is cited for refusing the defendant's requested charge on self-defense. At trial, Ely claimed that Jackson had taken a step toward him, that he was afraid of Jackson, who was a large man, and that he had then shot him. Pretermitting the question whether these facts constitute slight evidence which would warrant a self-defense charge, we find the error, if any, harmless since the jury found Ely guilty of felony murder. Self-defense is not a defense to felony murder. *Smith v. State,* 235 Ga. 327 (219 SE2d 440) (1975).

The charge on confessions was required by the evidence and was properly presented to the jury. Therefore, enumeration 3 also has no merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 18, 1979 — DECIDED OCTOBER 3, 1979.

*William W. Keith, III,* for appellant.

*Charles A. Pannell, Jr., District Attorney, Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Erwin Mitchell, Arthur K. Bolton, Attorney General, Michael R. Johnson, Staff Assistant Attorney General,* for appellee.