## 38948. SCOTT v. THE STATE.

GREGORY, Justice.

The defendant was convicted of the murder of his seventeen-year-old stepson and sentenced to life imprisonment. In a statement to the jury prior to the trial of the case, defense counsel stipulated that the defendant shot the victim with a .22 revolver, but maintained the evidence would show the shooting was accidental.

The undisputed evidence at trial established that on the night of the victim's death the defendant and his wife, the victim's mother, were involved in a disagreement over an undetermined matter. When Mrs. Scott attempted to leave their bedroom, the defendant pushed her down and struck her. The victim, who had been asleep on the couch in the adjoining living room, ran to the bedroom to see if his mother was hurt. At this point the defendant slammed the bedroom door, leaving the victim in the living room. Through the bedroom door the victim called to his mother that she could come out of the bedroom if she wished.

The victim's sister and mother testified that they heard the defendant respond, "she is not coming anywhere. If you want her, come in here and get her." According to the victim's mother the defendant then took a gun which had been in his possession for about three years from his dresser and shot the victim in the head as the victim opened the door to enter the bedroom. In his own behalf the defendant testified he told the victim to go away, that he "wasn't going to hurt [the victim's] mother," and that he fired the gun in the

air to frighten the victim.

Other evidence revealed that numerous members of the defendant's family, including his wife, her daughter and sisters, believed that the defendant was practicing witchcraft.[1] Because of this opinion these family members ostracized him, blaming family illnesses and other troubles that befell them on alleged "spells" the defendant cast over them. Apparently this belief originated when the defendant's sister-in-law proclaimed, some months prior to the victim's death, that God had disclosed to her the defendant and a number of other members of her church were practicing witchcraft. Thereafter the defendant's wife began sprinkling "annointed water" over their house, yard and car to counteract the effect of the defendant's "spells." According to the defendant, his wife remained in their home, but virtually refused to communicate with him.

The defendant testified that he had never practiced witchcraft and did not understand why his sister-in-law had made this accusation. He further testified that the impact of these charges had been tremendous, dividing his family and causing him severe depression. He stated he was under "great pressure" on the night of the victim's death because of his wife's belief that he was a "warlock," and had only fired the gun to frighten the victim so that he and his wife might be left alone to resolve their difficulties.

(1) Enumerations of error one, two and five complain that the trial court erred in charging the jury on the law of felony murder, Code Ann. § 26-1101 (b). This section provides: "[a] person also commits the crime of murder when in the commission of a felony he causes the death of another human being, irrespective of malice." Following this charge the trial court instructed the jury that "a person commits a felony when, after having been convicted of a felony, he possesses any firearm. I further charge you that the crime of burglary is a felony. If you find and believe beyond a reasonable doubt that the Defendant committed the homicide at the time he was engaged in the commission of a felony, to wit possession of a firearm by a convicted felon, you would be authorized to find him guilty of murder."

The evidence[2] showed that in 1962 the defendant had been convicted of the crime of burglary.

(a) Defendant first argues that the trial court erred in charging

---

[1] There is no evidence to indicate that the victim shared this belief.

[2] Defendant testified to his 1962 conviction for burglary on direct examination and offered as evidence a certified copy of his sentence.

the jury that they were authorized to find him guilty of felony murder when he was only indicted for malice murder, Code Ann. § 26-1101 (a).[3] Where there is evidence to support a charge of felony murder, it is not error for the trial court to charge this crime even though the defendant is only indicted for malice murder. *Phelps v. State,* 245 Ga. 338 (265 SE2d 53) (1980), cert. den. 449 U. S. 846; *Sutton v. State,* 245 Ga. 192 (264 SE2d 184) (1980). Defendant's argument that it is unconstitutional to charge an accused with a crime punishable by imprisonment for one period, but allow evidence to be introduced which would authorize imprisonment for a longer period of time is inapposite. Where, as here, the State does not seek the death penalty, a conviction of either malice murder or felony murder must be punished by life imprisonment. Code Ann. § 26-1101 (c).

(b) In charging the law of felony murder, the trial court instructed the jury that the possession of any firearm by a convicted felon is a felony. Code Ann. § 26-2914. Defendant maintains that his possession of a firearm merges with the act of shooting; therefore, the jury was not authorized to find him guilty of felony murder. However, this court rejected the "merger doctrine" with regard to felony murders in *Baker v. State,* 236 Ga. 754, 758 (225 SE2d 269) (1976), adding that "the Georgia legislature intended felony murder to encompass all felonies . . . and not just dangerous or forcible felonies."

(c) Defendant contends the trial court erred in failing to instruct the jury "how to decide if the defendant was guilty of possession of a gun." We need not reach the issue of whether this omission was harmful error because we conclude defendant waived his right to object on appeal to that portion of the charge.

Following its charge the trial court inquired whether defendant had any objections to the charge as given. Defendant enumerated several objections, but none applicable to the definition of "possession of a firearm." After deliberating for some time the jury asked to be reinstructed on the law of felony murder. Defendant neither requested that a charge on possession be given at this time nor objected to its omission when the trial court again inquired whether he had any objections.

" 'In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State,* 234 Ga. 465 (216 SE2d 324) (1975), and approved in *White (v. State,* 243 Ga. 250 (253 SE2d

---

[3] The trial court instructed the jury as to both malice murder and felony murder. The jury returned a verdict of guilty of the crime of murder, making it impossible to determine which crime he was convicted of.

694) (1979)), of reserving his right to object on motion for new trial or appeal. Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, the defendant has waived the right to raise the issue on appeal." *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980)." *Zant v. Akins,* 250 Ga. 5 (295 SE2d 313) (1982).

(d) Defendant points out that he was not represented by counsel at his 1962 conviction for burglary. He maintains an uncounseled felony conviction, being void, should not be permitted to serve as the underlying felony in a conviction of felony murder.

In Lewis v. United States, 445 U. S. 55 (100 SC 915, 63 LE2d 798) (1980), the United States Supreme Court analyzed a similar issue. In that case the defendant had been convicted of a felony in 1961 while unrepresented by counsel. He challenged the constitutionality of his 1977 conviction under 18 USC App. § 1202 (a) which makes it a felony for any convicted felon to receive, possess or transport a firearm.

While noting that under the Sixth Amendment an uncounseled felony conviction cannot be used for certain purposes,[4] the Court reasoned that the "federal gun law . . . focus(es) not on reliability (of the prior felony conviction), but on the mere fact of conviction . . . in order to keep firearms away from potentially dangerous persons . . . (The) judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational" under both the equal protection clause and the due process clause of the United States Constitution. 445 U. S. at 67.

We note that the Georgia statute, Code Ann. § 26-2914, like its federal counterpart, plainly purports to prevent *all* convicted felons from possessing a firearm until they are pardoned from their felony convictions; Code Ann. § 26-2914 (b), or otherwise relieved of this disability, Code Ann. § 26-2914 (d). Neither statute makes an exception for an *invalid* outstanding felony conviction. We find no merit in defendant's argument.

(2) In his remaining two enumerations of error defendant argues that the trial court should not have admitted either the murder weapon or a photograph of the deceased in evidence since

---

[4] For example, an uncounseled felony conviction cannot be used for the enhancement of punishment under a state recidivist statute. Burgett v. Texas, 389 U. S. 109 (88 SC 258, 19 LE2d 319) (1967). Nor can an uncounseled felony conviction be used in an adversarial proceeding to impeach the credibility of the defendant. Loper v. Beto, 405 U. S. 473 (92 SC 1014, 31 LE2d 374) (1972).

their relevancy was destroyed by his stipulation as to the cause of death. "Relevant evidence cannot be kept from the jury by an admission of the fact or waiver of the requirement of proof." *Franklin v. State,* 245 Ga. 141, 150 (263 SE2d 666) (1980). It cannot be disputed that the instrument causing death or a photograph accurately depicting the location of the victim's wound are relevant to the issues in a homicide case. See, e. g., *Jones v. State,* 249 Ga. 605, 608 (293 SE2d 708) (1982). To hold that the State may not introduce evidence relevant to the cause of death where the defendant stipulates the cause of death "would preclude the State from establishing a fact by more than one source of evidence." *Johnson v. State,* 226 Ga. 511, 512 (175 SE2d 840) (1970).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 12, 1982.

*Dan T. Pressley, Sr.,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney, Michael J. Bowers, Attorney General, George M. Weaver, Staff Assistant Attorney General,* for appellee.