## 46713. HALL v. THE STATE.
(378 SE2d 860)

MARSHALL, Chief Justice.

Charlie Beck Hall appeals his conviction of the felony murder of Stanley Reid and possession of a firearm by a convicted felon, for which he was sentenced to concurrent life and five-year terms of imprisonment, respectively.[1] We affirm in part and reverse in part.

The evidence authorized the following findings. On September 15, 1987, Hall tried to sell the decedent's firearm back to him, telling him that someone had stolen the weapon from the decedent's automobile. A verbal exchange followed. Felix Jackson — who had grown up with the decedent, both of which men having known Hall for several years — then asked to borrow money from Hall, who told him that he "didn't let no n_ _ _ _ _s borrow no money, to get the hell out of his face." On September 19, 1987, Jackson and Reid approached Hall. Jackson, unarmed, asked Hall why he had confronted him on the previous occasion. Hall stood up, holding a firearm in his right hand, and told Jackson to "get the hell out of his face" and that he "didn't know what the hell Jackson was talking about." Jackson grabbed the pistol, and during the ensuing struggle, it discharged, hitting Jackson in the leg. Hall shot Jackson two times in the arm. Hall also fatally shot Reid, who was present with Jackson. There was testimony that Reid had shot Hall in the leg. Hall testified that: he had been unarmed; Jackson and Reid were armed and attempted to rob him; and he shot Jackson and Reid in self-defense. Hall was acquitted of the charge of aggravated assault upon Jackson.

1. In his first three enumerations of error, Hall basically challenges the propriety of his conviction for felony murder, wherein the underlying felony was possession of a firearm by a convicted felon, claiming that such a situation precluded him from raising the defense of self-defense, permitted the jury to convict him solely for a "status" offense, and punished him too severely, so that his life sentence amounts to a violation of the Eighth Amendment because it is cruel and unusual punishment. Under Georgia law, a person commits the offense of felony murder when, in the commission of a separate felony, he causes the death of another human being irrespective of malice. OCGA § 16-5-1 (c). Possession of a firearm by a convicted felon may be the underlying felony of felony murder. *Scott v. State*, 250 Ga. 195, 197 (297 SE2d 18) (1982). Self-defense is not a defense to

---

[1] The crimes were committed on September 19, 1987. Hall was convicted and sentenced on August 25, 1988. Motion for new trial was filed on September 7, 1988, amended on December 14, 1988, and denied on December 20, 1988. The transcript was filed on November 2, 1988. The notice of appeal was filed on January 11, 1989. The case was docketed in this Court on February 23, 1989, and orally argued on April 12, 1989.

felony murder. *Ely v. State*, 244 Ga. 432 (260 SE2d 345) (1979) and cit. The trial court's instructions on self-defense were a correct and sufficient statement of Georgia law, which did not prevent the jury from considering the appellant's claims of self-defense as to all of the charges against him except felony murder, to which offense self-defense is no defense. *Ely v. State*, supra. The verdict acquitting Hall on the aggravated-assault charge but convicting him on the other charges, rather than illustrating the jury's restriction in its consideration of the self-defense claim, can be interpreted as a finding that he was acting in self-defense when he shot Jackson, but not when he shot Reid.

Contrary to Hall's assertion that he was convicted merely based upon his "status" as a previously-convicted felon,[2] the trial court's instructions on the consideration of felony murder required the jury to find "some connection between the felony and the homicide." There was evidence of such a connection here.

With regard to Hall's contention that a life sentence is too severe for a felony-murder conviction based upon a "status" offense, the sentence is within the limits provided by OCGA § 16-5-1 (d). *Enmund v. Florida*, 458 U. S. 782 (102 SC 3368, 73 LE2d 1140) (1982), cited by the appellant, was an interpretation of the Eighth Amendment as applied to Florida law, applying only in the consideration of the imposition of the death penalty to a person who was convicted of aiding and abetting in a felony, but who himself did not kill, or intend or attempt to kill, during the course of the offense. *Enmund* provides no basis for a finding that the sentence of life imprisonment required by OCGA § 16-5-1 (d) is excessive.

2. The appellant's fourth enumeration of error is the trial court's failure to charge the jury that the prior felony convictions which were admitted in evidence to prove the supporting felony of possession of a firearm by a convicted felon, may not be considered by them in deciding the murder count. See *Edwards v. State*, 258 Ga. 12 (2) (364 SE2d 869) (1988) and cits. Although the appellant orally requested, and the trial court agreed to give, such limiting instructions when the prior convictions were tendered in evidence, the appellant made no written request for such instructions, and the subject was not mentioned at the charge conference. Having failed to inform the court precisely what language the requested instruction should contain, the appellant cannot complain of the court's failure to charge on the matter. *Kessel v. State*, 236 Ga. 373 (2) (223 SE2d 811) (1976). Moreover, given the evidence presented at trial against the appellant, and the trial court's

---

[2] See Justice Hunt's special concurrence in *Johnson v. State*, 258 Ga. 856, 859 (376 SE2d 356) (1989).

instructions regarding Count 3 of the indictment (firearm possession), it is highly probable that any error in failing to give the limiting instructions did not contribute to the verdict and judgment. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. In his fifth enumeration of error, the appellant maintains that the introduction of four prior convictions having no relation to the murder charge constituted impermissible bolstering. However, OCGA § 16-11-131 does not limit the number of prior felonies the state may allege and prove in order to carry its burden of proof that a defendant was a convicted felon in connection with the charge on possession of firearms by convicted felons. *Favors v. State*, 182 Ga. App. 179 (2) (355 SE2d 109) (1987) and cits.

4. In his sixth enumeration of error, the appellant contends that the court's charge on armed robbery was improperly given. The appellant requested a charge on armed robbery. The court refused. Argument was held. The court gave its jury charge, including a definition of armed robbery. If the appellant was misled by the court's action, it was incumbent on him to request to reargue after the charge. Failure to do so acts as a waiver. *Williams v. State*, 176 Ga. App. 503 (1) (336 SE2d 367) (1985).

The appellant further argues that the instruction on armed robbery was nonsensical because of its placement within the charge. The court gave the definition of armed robbery and, within the same paragraph of the charge, informed the jury how a person would be justified in defending against said robbery. Clearly, this charge was beneficial to the appellant and, taken as a whole, properly informed the jury of the offenses charged and the defenses available. See *Whitt v. State*, 257 Ga. 8 (3) (354 SE2d 116) (1987) and cit.

5. Hall may not be convicted of felony murder and also be convicted of the underlying felony (possession of a firearm by a felon) which was alleged by the indictment to support the conviction of felony murder. *Zackery v. State*, 257 Ga. 442 (2) (360 SE2d 269) (1987) and cits. The conviction for possession of a firearm by a convicted felon is therefore vacated.

6. The evidence was sufficient to support the conviction of felony murder. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Decided May 11, 1989 —
Reconsideration denied May 25, 1989.

*Lynne Y. Borsuk,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, As-*

sistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General, for appellee.