## S90A0594. MYERS v. THE STATE.
### (395 SE2d 811)

BENHAM, Justice.

This appeal is from appellant's conviction for murder, armed robbery and theft by taking of a motor vehicle.[1] He was sentenced for those offenses to life imprisonment, twenty years, and ten years respectively.

The evidence at trial showed that appellant and Bowley, who was separately indicted and convicted for the same murder and the motor vehicle theft, had worked together in a carnival in Florida, but were unemployed after the carnival closed. When all their belongings were stolen, they set out to hitchhike out of Florida. According to Bowley, the victim picked them up in Florida and took them to his home in Lowndes County, Georgia, where the three of them drank beer. When Bowley took a shower and lay down, the victim began to orally sodomize him. During the ensuing argument, appellant came up behind the victim and hit him in the back of the head with a wine bottle. Appellant then took money from the victim's pocket. Unable to find keys to the victim's car, they broke out a window of the car and found keys inside it. The two then travelled together, to Illinois where Bowley got a traffic ticket while driving the victim's car, and to Texas where Bowley left. Testimony and documentary evidence established that appellant gave the car to a woman in Texas as he left that state.

1. In his first enumeration of error, appellant complains of the trial court's refusal to give a charge on alibi. Since there was no evi-

---

[1] The crimes were committed on March 11, 1987, the indictment for all offenses was returned on September 15, 1989, and Myers was convicted and sentenced on December 7, 1989. The transcript of evidence was filed on December 19, 1989, and Notice of Appeal was filed on December 27, 1989. The record on appeal was docketed first in the Court of Appeals on January 29, 1990, and was docketed in this court on February 2, 1990. Oral argument was on April 17, 1990.

dence whatsoever adduced to support a charge on alibi, the trial court's refusal was not error. *Hendrick v. State*, 257 Ga. 514 (1) (361 SE2d 169) (1987).

2. The trial court's refusal to give appellant's requested charge on corroboration of an accomplice's testimony is also enumerated as error. However, since the trial court did give a thorough charge on the subject, there was no error in refusing to give the requested charge.

> The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal. [Cits.] [*Kelly v. State*, 241 Ga. 190 (4) (243 SE2d 857) (1978).]

3. In his remaining three enumerations of error, appellant contends that the evidence at trial was insufficient to support his convictions because they were based on the uncorroborated testimony of an accomplice. We disagree.

In addition to Bowley's testimony, the State produced other evidence corroborating many of the details established by the testimony. Representative of that corroborative evidence was testimony establishing that appellant and Bowley were together before the crimes were committed and that they were together after the crimes were committed, in the victim's car. Physical evidence at the crime scene supported Bowley's testimony regarding the circumstances and method of committing the crimes, e.g., there were broken wine bottles, the victim's injuries were consistent with being struck by a wine bottle, the victim's pockets were turned out as Bowley testified appellant had done, and one window of the car was broken out.

> " 'It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. [Cits.] Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. [Cits.] The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence [of] corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence. [Cits.]' " [*Birt v. State*, 236 Ga. 815, 826 (225 SE2d 248) (1976).]

Our review of the record persuades us that the corroborative evidence produced in this case was sufficient to permit the jury, when

considering it together with the rest of the evidence, to find beyond a reasonable doubt that appellant was guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

Decided September 27, 1990.

*Luke E. Closson, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.