## S91A0089. HEARD v. THE STATE.

(403 SE2d 438)

HUNT, Justice.

Robert Heard shot and killed Larry Thompson with a handgun. He was indicted for malice murder and possession of a firearm by a convicted felon, and was convicted of malice murder.[1]

The evidence showed that Thompson had fathered the child of Heard's daughter. After an argument with Heard at the apartment of Heard's daughter, Thompson departed. He later returned with a satchel belt, and entered the apartment through a window. Heard and Thompson argued again, and Heard shot Thompson in the apartment hallway.

1. The evidence is sufficient to permit a rational trier of fact to find Heard guilty of malice murder, felony murder, and possession of a firearm by a convicted felon beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Heard asserts that the trial court erred in refusing to expand the standard charge on "reasonable belief" to include reasonable belief that the victim was about to use unlawful force against a third person. The trial court charged that a person is justified in using deadly force if he reasonably believes it is "necessary to prevent death or great bodily injury to himself or to a third person or to prevent . . . a forcible felony," or if he reasonably believes that such force was necessary to prevent a violent intruder from assaulting "any person dwelling or being" within the apartment. The charge given substantially covers the same principles urged by Heard. There was no error. *Myers v. State*, 260 Ga. 412, 413 (2) (395 SE2d 811) (1990).

3. We agree with Heard's contention that the trial court erred by instructing the jury that self-defense is not a defense to felony murder. The legislature, in prohibiting the use of a defense of justification for one who is "attempting to commit, committing, or fleeing after the commission or attempted commission of a felony. . . ." OCGA § 16-3-21 (b) (2), did not intend that section to preclude the defense of justification in *all* felony murder cases. We hold that, regardless of the felony specified by the state as the underlying felony to a felony murder charge, where there is sufficient evidence of a confrontation be-

---

[1] The homicide occurred on December 3, 1988. Heard was indicted on June 16, 1989. He was found guilty of malice murder, felony murder and possession of a firearm by a convicted felon on May 23, 1990. On May 24, 1990, the trial court merged the underlying felony of possession of a firearm by a convicted felon with the felony-murder conviction, merged the felony-murder conviction with the malice-murder conviction, and sentenced Heard to life imprisonment for the malice-murder conviction. His motion for a new trial was filed on June 20, 1990, and denied on August 24, 1990. A notice of appeal was filed on September 19, 1990. The appeal was docketed on October 18, 1990, and submitted without oral argument on November 30, 1990.

tween the defendant and the victim, or other circumstances which ordinarily would support a charge on justification, the defendant is not precluded from raising justification as a defense.[2] Thus, in the most common type of felony murder charge, where the underlying felony is aggravated assault, the defendant may raise the defense of justification if that defense is authorized by the facts, and the prohibition of OCGA § 16-3-21 (b) (2) does not apply. Rather, that section applies where it makes sense to do so, for example, to a burglar or robber who kills someone while fleeing. To the extent *Hall v. State*, 259 Ga. 243 (378 SE2d 860) (1989) and *Ely v. State*, 244 Ga. 432 (260 SE2d 345) (1979) conflict with the holding in this division, those cases are overruled. See *Head v. State*, 253 Ga. 429, 433 (322 SE2d 228) (1984) (Chief Justice Hill, concurring specially); see also *Alexander v. State*, 259 Ga. 440 (2) (383 SE2d 877) (1989); *Jolley v. State,* 254 Ga. 624, 627 (3) (331 SE2d 516) (1985).

Moreover, a defendant, like the defendant here, is not precluded from raising justification merely because he is guilty of a status felony, that is, a felony which may be ongoing by reason of the possession of contraband, or which occurs because of the individual's status as a previously convicted felon.[3]

Nevertheless, we find the error harmless because the trial court merged Heard's felony murder conviction with his malice murder conviction. Accordingly, the malice murder conviction is affirmed.

*Judgment affirmed. All the Justices concur, except Smith, P. J., and Weltner, J., who concur in the judgment and dissent as to Division 3.*

WELTNER, Justice, dissenting in part.

I concur in the judgment affirming the trial court, and dissent as to Division 3 of the opinion.

---

[2] The dissent's implication that this holding would allow a defense of justification to the felony of possession of a firearm by a convicted felon is incorrect. Rather, it simply allows a convicted felon in possession of a firearm to assert self-defense where that defense is authorized by the evidence. The dissent agrees that self-defense should apply to the felony of aggravated assault, even where aggravated assault is the underlying felony to a felony murder charge. But it would not allow Heard to assert self-defense to aggravated assault simply because of his *status* as a convicted felon. The dissent would preclude a convicted felon, *under any set of circumstances*, from employing the defense of justification to an aggravated assault charge — if that convicted felon's asserted self-defense is accomplished by the use of a firearm, as opposed to any other kind of weapon.

[3] It is both unfair and illogical to deny a defendant the defense of justification against a felony murder charge merely because of his *status* as a convicted felon in possession of a firearm. Using what is perhaps a more dramatic, though analogous example to that presented in this case, it is illogical, as would be required under this court's holdings in *Ely v. State*, 244 Ga., supra at 433 and *Hall v. State*, 259 Ga., supra at 244 (1) to deny a defendant a charge on self-defense if he happened to have 1.1 ounces of marijuana in his pocket when he killed someone while trying to defend himself.

1. Heard insists that it was error to instruct the jury as follows: "Self-defense is not a defense to felony murder." The record reflects that the trial court instructed the jury more than once on the defense of justification. The language objected to appears in the charge closely following the court's instruction concerning the offense of possession of a firearm by a convicted felon.

2. (a) The language of the charge is identical to our holding in *Ely v. State*, 244 Ga. 432, 433 (260 SE2d 345) (1979), and was reiterated in *Hall v. State*, 259 Ga. 243-244 (1) (378 SE2d 860) (1989). In *Hall*, the defendant was convicted of felony murder and possession of a firearm by a convicted felon. We held:

> Under Georgia law, a person commits the offense of felony murder when, in the commission of a separate felony, he causes the death of another human being irrespective of malice. OCGA § 16-5-1 (c). Possession of a firearm by a convicted felon may be the underlying felony of felony murder. *Scott v. State*, 250 Ga. 195, 197 (297 SE2d 18) (1982). Self-defense is not a defense to felony murder. *Ely v. State*, [cit.] The trial court's instructions on self-defense were a correct and sufficient statement of Georgia law, which did not prevent the jury from considering the appellant's claims of self-defense as to *all of the charges against him except felony murder, to which offense self-defense is no defense. Ely v. State*, supra. [Emphasis supplied.]

> (b) OCGA § 16-3-21 (b) provides in part:

> A person is not justified in using force under the circumstances specified in subsection (a) of this Code section if he: (2) Is attempting to commit, committing, or fleeing after the commission or attempted commission of *a felony*. . . . [Emphasis supplied.]

3. The charge was not reversible error. The Code section above specifically limits the defense of justification to a person who is *not* committing a felony. It is undisputed that Heard was a convicted felon; that he had possession of a firearm; that he caused the death of Thompson by means of that firearm; and that the death was caused while Thompson was engaged in the commission of a felony (i.e., possession of a firearm by a convicted felon). As to this type of felony murder, "Self-defense is not a defense." *Hall*, supra.[4]

---

[4] We note, as the trial court charged, that justification *is* a defense to aggravated assault. Accordingly, justification might be a defense to the charge of felony murder while in the

I am authorized to state that Presiding Justice Smith joins in this dissent.

DECIDED APRIL 18, 1991 —
RECONSIDERATION DENIED MAY 23, 1991.

*Steven W. Reighard,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carl P. Greenberg, Joseph F. Burford, Assistant District Attorneys, C. A. Benjamin Woolf,* for appellee.

---

commission of an aggravated assault. Hence, the language of *Ely* and *Hall,* supra, is too broad, and should not be included in jury instructions without appropriate qualification.