BENHAM, Justice,
concurring specially.
1. I concur fully with Divisions 1, 2, and 3 (a) of the majority opinion, but I take issue with the decision to overrule Heard v. State, 261 Ga. 262 (403 SE2d 438) (1991) in Division 3 (b), and also with Division 4. The proper resolution of appellant’s argument that the trial court erred in instructing the jury that “a person is not justified in using force if that person ... is attempting to commit, is committing, or is fleeing after the commission or attempted commission of a felony,” does not require overruling Heard. As set forth in detail in the majority opinion, the record reflects appellant affirmatively waived his claim of error based on Heard and invited the alleged error. Accordingly, “even where plain error appears, reversal is not warranted if the error was invited by the appellant. Shank v. State, 290 Ga. 844, 845 (2) (725 SE2d 246) (2012).” Shaw v. State, 292 Ga. 871, 873, n. 3 (742 SE2d 707) (2013).
Because the alleged error was affirmatively waived in this case, we need go no further in analyzing whether Heard remains good law. In fact, in my opinion, it is not prudent to overrule a long-standing opinion of this Court when it is entirely unnecessary to do so. Just as Justice Nahmias recognized in his concurrence in Smith v. State, 290 Ga. 768, 775-779 (723 SE2d 915) (2012), this Court need not decide whether Heard is good law where the case, as here, can be resolved without reaching that issue.
2. With respect to whether we must nevertheless reach the issue of whether Heard should be overruled in our analysis of appellant’s *816 ineffective assistance of counsel claim, again I say it is not necessary to address this issue. Ineffective assistance of counsel requires both a showing that counsel’s performance was deficient, and that, but for the deficient performance, a reasonable probability exists that the outcome of the trial would have been different. Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). In this case, the only evidence to support a finding of justification is found in appellant’s testimony that he shot the officers in self-defense because one of them pulled him to the ground and commenced beating him, and he feared for his life. The testimony of eyewitnesses, however, disputed appellant’s account and described that a scuffle between appellant and the officers began when appellant resisted efforts to frisk him. One witness testified he believed appellant was trying to get away from the officers. The testimony of his girlfriend permitted the jury to conclude appellant was carrying a firearm for the express purpose of initiating a shootout with any law enforcement officer who might try to detain him.
The trial court instructed the jury on appellant’s justification defense. It also instructed the jury on the statutory exception to the justification defense, to which trial counsel did not obj ect. Even if that instruction was erroneous and counsel’s failure to object constituted deficient performance, appellant failed to demonstrate that, but for counsel’s failure to object, a reasonable probability exists that the result of the trial would have been different. The jury was not required to accept appellant’s testimony that he was rightfully resisting arrest or that he was justified in shooting the officers. See Murray v. State, 295 Ga. 289, 292 (1) (759 SE2d 525) (2014); Allen v. State, 290 Ga. 743, 744 (1) (723 SE2d 684) (2012). Of course, it is for the jury, and not this Court, to determine the credibility of witnesses and resolve conflicts or inconsistencies in the evidence. See Grissom v. State, 296 Ga. 406 (1) (768 SE2d 494) (2015). Here, however, the evidence overwhelmingly disputed appellant’s assertion of self-defense, and thus overwhelmingly supported the jury’s finding of guilt. See Hill v. State, 290 Ga. 493 (722 SE2d 708) (2012) (where evidence of guilt was overwhelming, appellant failed to establish how counsel’s failure to seek a jury charge on a defense to the crime would have raised a reasonable probability of a different outcome); Holsey v. State, 281 Ga. 177 (637 SE2d 32) (2006) (given overwhelming evidence of appellant’s guilt, appellant was not able to show sufficient prejudice from alleged deficient performance of counsel for failing to request an appropriate instruction on receiving evidence of prior convictions in a case involving possession of a firearm by a convicted felon).
If either one of the two prongs of the Strickland test is not met, the assertion of ineffective assistance of counsel fails. Smith v. State, *817 296 Ga. 731 (770 SE2d 610) (2015). The enumeration of error alleging ineffective assistance of counsel is without merit as a result of appellant’s failure to demonstrate prejudice. Again, it is unnecessary to reach the issue of whether Heard should be overruled because it is unnecessary to reach the issue of whether an objection to the instruction, if made at trial, would have been meritless.
Decided March 27, 2015.
Jimmonique R. S. Rodgers, Long D. Vo, Christopher R. Geel, for appellant.
Robert D. James, Jr., District Attorney, Anna G. Cross, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.
I am authorized to state that Justices Hunstein and Melton join in this special concurrence.