2017 WY 96

**John Michael SCHNITKER,**
Appellant (Defendant),

v.

**The STATE of Wyoming,**
Appellee (Plaintiff).

S-16-0236

Supreme Court of Wyoming.

August 23, 2017

Representing Appellant: Office of the State Public Defender: Diane M. Lozano, State Public Defender; Tina N. Olson, Chief Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Peter K. Michael, Attorney General; David L. Delicath, Deputy Attorney General; Christyne M. Martens, Senior Assistant Attorney General; Katherine A. Adams, Assistant Attorney General. Argument by Ms. Adams.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

BURKE, Chief Justice.

[¶1] Appellant, John Michael Schnitker, challenges his conviction of first-degree felony murder on the grounds that the district court erred in preventing him from asserting self-defense as a defense to the charge. He also claims that the district court's issuance of sentences for first-degree felony murder and for aggravated burglary, the underlying felony, violate constitutional protections against double jeopardy. We affirm Appellant's felony murder conviction and remand to the district court for entry of an order vacating Appellant's sentence for the aggravated burglary conviction.

## ISSUES

[¶2] Appellant presents the following issues:

1. Whether the district court erred in refusing to instruct the jury that self-defense could be raised as a defense to a charge of felony murder.

2. Whether the district court erred in denying Appellant's request to instruct the jury on the definition of the phrase "in the perpetration of" as used in Wyo. Stat. Ann. § 6-2-101.

3. Whether the district court erred by issuing convictions for felony murder and aggravated burglary, the underlying felony.

## FACTS

[¶3] On September 26, 2015, Appellant met with the victim, Clinton J. Gartman, and arranged to purchase an "eight ball" of methamphetamine. Appellant gave Mr. Gartman some money for the purchase and then waited to hear from him. Later that evening, after spending the afternoon drinking with his friends, Appellant went to Mr. Gartman's home to acquire the methamphetamine. A surveillance camera recorded the events in front of Mr. Gartman's home.

[¶4] The surveillance video revealed that Appellant approached Mr. Gartman's truck wearing a hooded sweatshirt. Appellant entered the driver's side of the truck and began searching the vehicle. Mr. Gartman then appeared in front of his home holding a hatchet and discovered Appellant inside his truck. Mr. Gartman approached the driver's side door and attempted to open it, but it was

locked. Appellant opened the passenger door and exited the vehicle. Mr. Gartman went around the back of the truck and approached Appellant at the passenger door, holding the hatchet. Appellant then jumped back into the truck, picked up a knife, and fatally stabbed Mr. Gartman in the ensuing scuffle. A toxicology analysis of Mr. Gartman's blood revealed a level of methamphetamine consistent with that of methamphetamine abusers.

[¶5] Appellant was subsequently apprehended and charged with first-degree felony murder, second-degree murder, and aggravated burglary.[1] Prior to trial, the State filed a motion "to exclude the availability of self-defense as a defense to felony murder." Appellant responded to the motion and, after a hearing, the district court issued an order concluding that self-defense is not available as a defense to first-degree felony murder. The case proceeded to trial and, consistent with its order, the district court instructed the jury that self-defense is not a defense to felony murder. The court also rejected Appellant's proposed instruction defining the phrase "in the perpetration of" as used in the felony murder statute. Instead, the district court determined that the meaning of the phrase was adequately covered by the instruction defining "in the course of committing the crime."

[¶6] The jury found Appellant guilty of felony murder and aggravated burglary. The district court sentenced Appellant to life imprisonment for the first-degree murder conviction. The court also sentenced Appellant to a consecutive term of 15 to 25 years imprisonment for the aggravated burglary conviction. Appellant timely filed this appeal. Additional facts will be set forth as necessary in the discussion below.

## DISCUSSION

### Self-Defense Jury Instruction

[¶7] In his first issue, Appellant contends the district court erred as a matter of law when it refused to instruct the jury that self-defense is a defense to first-degree

felony murder. A trial court has a duty to instruct the jury on the general principles of law applicable to the case before it. *Duran v. State*, 990 P.2d 1005, 1007 (Wyo. 1999). We review the refusal to give a proposed jury instruction for an abuse of discretion. *Knospler v. State*, 2016 WY 1, ¶ 22, 366 P.3d 479, 485 (Wyo. 2016).

> When reviewing questions involving jury instructions, we afford significant deference to the trial court's decisions. *Farmer v. State*, 2005 WY 162, ¶ 20, 124 P.3d 699, 706 (Wyo. 2005). "A trial court is given wide latitude in instructing the jury and, as long as the instructions correctly state the law and the instructions in their entirety sufficiently cover[ ] the relevant issue, reversible error will not be found." *Roden v. State*, 2007 WY 200, ¶ 21, 173 P.3d 369, 375 (Wyo. 2007), quoting *Duke v. State*, 2004 WY 120, ¶ 90, 99 P.3d 928, 954 (Wyo. 2004).

*Knospler*, ¶ 22, 366 P.3d at 485 (quoting *Gonzalez–Ochoa v. State*, 2014 WY 14, ¶ 18, 317 P.3d 599, 605 (Wyo. 2014)). The issue of whether self-defense is available as a defense to felony murder is a question of first impression for this Court. This issue presents a question of law, which we review *de novo*. *Duran*, 990 P.2d at 1007.

[¶8] Appellant contends that, under the circumstances of this case, he should have been allowed to assert a defense of self-defense to the charge of first-degree felony murder. The heart of Appellant's claim is that "motor vehicle burglary does not contain any element of aggression or threat of violence." Appellant asserts that, because he was not the initial aggressor, he did not lose his right to self-defense. However, he also contends that, even if he is considered an aggressor, his right to self-defense was reinstated because he attempted to retreat before using deadly force. Accordingly, Appellant claims the district court erred by refusing to instruct the jury on the law relating to self-defense.

---

1. The State later moved to dismiss the second-degree murder charge, and the district court dismissed the charge without prejudice.

[¶9] The crime of felony murder is set forth in Wyo. Stat. Ann. § 6-2-101 (Lexis-Nexis 2015), Wyoming's first-degree murder statute. The statute provides that

(a) Whoever purposely and with premeditated malice, or in the perpetration of, or attempt to perpetrate, any sexual assault, sexual abuse of a minor, arson, robbery, burglary, escape, resisting arrest, kidnapping or abuse of a child under the age of sixteen (16) years, kills any human being is guilty of murder in the first degree.[2]

As we explained in *Cook v. State*, 841 P.2d 1345, 1351 (Wyo. 1992), "[t]he felony murder statute imposes a form of strict responsibility on those perpetrating the underlying felonies for killings they commit. *Richmond [v. State]*, 554 P.2d [1217,] 1232 [ (Wyo. 1976) ]." We noted that our legislature had set forth the crimes that would support a felony murder charge on the basis that those crimes involved "a significant prospect of violence":

Wyoming is among those states which limit the imposition of the felony murder rule by listing specific underlying felonies. The list includes those offenses traditionally regarded as "crimes of violence." Black's Law Dictionary 371 (6th ed. 1990). The legislature's selection of sexual assault, arson, robbery, burglary, escape, resisting arrest or kidnapping discloses a purpose of providing a more significant punishment for the *negligent or accidental* killing which may occur during the commission of one of these crimes. The enumerated felonies are those which the legislature found to involve "a significant prospect of vio-

lence." LaFave & Scott, *supra*, § 7.5(b) (citing W.S. 6–2–101 (1977)).

*Cook*, 841 P.2d at 1351 (emphasis in original).

[¶10] With this background in mind, we turn to the question of whether self-defense is available to a defendant charged with felony murder. As noted above, this is a matter of first impression in Wyoming. In matters of first impression, we look to other jurisdictions for guidance. *Hageman v. Goshen County School Dist. No. 1*, 2011 WY 91, ¶ 9, 256 P.3d 487, 492 (Wyo. 2011).

[¶11] A large majority of jurisdictions have determined that self-defense is not available to a defendant who initiates the underlying felony supporting a charge of felony murder:

[I]n the vast majority of situations, a defendant charged with felony murder is precluded as a matter of law from relying on a justification defense since, having created a potentially life threatening situation, the defendant forfeits the right to use deadly physical force against the victim or any rescuer.

Indeed, nearly every jurisdiction that has opined on the matter makes a justification defense unavailable to those who initiated the underlying felonies (*see e.g. State v. Celaya*, 135 Ariz. 248, 660 P.2d 849 [1983]; *Gray v. State*, 463 P.2d 897 [Alaska 1970]; *People v. Loustaunau*, 181 Cal. App.3d 163, 226 Cal.Rptr. 216 [1986]; *People v. Burns*, 686 P.2d 1360 [Colo.App. 1983]; *State v. Amado*, 254 Conn. 184, 756 A.2d 274 [2000]; *Holland v. State*, 916 So.2d 750 [Fla. 2005], *cert. denied*, 547 U.S. 1078, 126 S.Ct. 1790, 164 L.Ed.2d 531 [2006]; *Roche v. State*, 690 N.E.2d 1115

---

2. Wyo. Stat. Ann. § 6-3-301, which sets forth the crimes of burglary and aggravated burglary, provides as follows:

(a) A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit theft or a felony therein.

(b) Except as provided in subsection (c) of this section, burglary is a felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

(c) Aggravated burglary is a felony punishable by imprisonment for not less than five (5) years nor more than twenty-five (25) years, a fine of

not more than fifty thousand dollars ($50,-000.00), or both, if, in the course of committing the crime of burglary, the person:

　(i) Is or becomes armed with or uses a deadly weapon or a simulated deadly weapon;

　(ii) Knowingly or recklessly inflicts bodily injury on anyone; or

　(iii) Attempts to inflict bodily injury on anyone.

(d) As used in this section, "in the course of committing the crime" includes the time during which an attempt to commit the crime or in which flight after the attempt or commission occurred.

[Ind. 1997]; *State v. Marks*, 226 Kan. 704, 712, 602 P.2d 1344, 1351 [1979]; *State v. Scales*, 655 So.2d 1326 [La. 1995], *cert. denied*, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 [1996]; *Sutton v. State*, 139 Md.App. 412, 776 A.2d 47 [2001], *cert. denied*, 366 Md. 249, 783 A.2d 223 [2001]; *Commonwealth v. Garner*, 59 Mass.App. Ct. 350, 795 N.E.2d 1202 [2003]; *Layne v. State*, 542 So.2d 237 [Miss. 1989]; *Commonwealth v. Foster*, 364 Pa. 288, 72 A.2d 279 [1950]; *Smith v. State*, 209 Tenn. 499, 354 S.W.2d 450 [1961]; *Davis v. State*, 597 S.W.2d 358 [Tex.Crim.App. 1980], *cert. denied*, 449 U.S. 976, 101 S.Ct. 388, 66 L.Ed.2d 238 [1980]; *State v. Dennison*, 115 Wash.2d 609, 801 P.2d 193 [1990] ).

*People v. Walker*, 78 A.D.3d 63, 68–69, 908 N.Y.S.2d 419 (N.Y. App. Div. 2010). These cases reason that prohibiting a defendant from claiming self-defense is consistent with the purpose of the felony murder rule. For example, in *People v. Loustaunau*, 181 Cal. App. 3d at 170, 226 Cal.Rptr. at 219, the court reasoned that:

> The purpose of the felony-murder rule is to deter even accidental killings in the commission of designated felonies by holding the felon strictly liable for murder. When a burglar kills in the commission of a burglary, he cannot claim self-defense, for this would be fundamentally inconsistent with the very purpose of the felony-murder rule.

(Internal citation omitted.) Similarly, in *Amado*, 756 A.2d at 284, the court explained:

> [O]ur holding [that a defendant charged with felony murder may not rely on a claim of self-defense] is consistent with the purpose underlying felony murder, which is "to punish those whose conduct brought about an unintended death in the commission or attempted commission of a felony.... The felony murder rule includes accidental, unintended deaths. Indeed, we have noted that crimes against the person like robbery, rape and common-law arson and burglary are, in common experience, likely to involve danger to life in the event of resistance by the victim...." Accordingly, when one kills in the commission of a felony, that person cannot claim self-de-

fense, for "this would be fundamentally inconsistent with the very purpose of the felony murder [statute]."

(Internal parenthetical and citation omitted.) The court concluded,

> For purposes of felony murder, "it is immaterial whether the victim of the [felony] or the defendant [first utilizes physical force]." It is inconsistent with the purpose of the felony murder statute to allow a defendant who causes a death in the course of a felony to claim self-defense because the victim attempted to thwart such a felony.

*Id.* (citation omitted). Likewise, in *Walker*, 78 A.D.3d at 71, 908 N.Y.S.2d 419, the court determined that

> The purpose of the felony murder statute is to punish a felon for killing a victim when the mortal danger arises from his or her commission of an enumerated felony, even when the killing was in self-defense. Therefore, a justification charge as to felony murder itself would directly undermine the legislative purpose of the statute.

(Citations omitted.)

[¶12] Appellant suggests there is a split of authority among the states on the question of whether self-defense is available to a defendant charged with felony murder. He cites 40 Am. Jur. 2d Homicide § 142 (2015). That annotation, however, cites only to *Heard v. State*, 261 Ga. 262, 403 S.E.2d 438 (Ga. 1991), as support for the proposition that self-defense may be asserted as a defense to felony murder. That case was expressly overruled on that point by *Woodard v. State*, 296 Ga. 803, 811, 771 S.E.2d 362, 369 (Ga. 2015). In *Woodard*, 771 S.E.2d at 369, the Georgia Supreme Court noted that:

> *Heard* disregarded the plain language of OCGA § 16–3–21(b)(2), which refers to the commission of "felony" offenses without exception or limitation; overruled multiple precedents holding broadly that a defendant cannot assert self-defense if he used deadly force while "committing ... a felony"; undermined the policy-making authority of the General Assembly; and was unnecessary to prevent most of the "unfair"

applications that concerned the *Heard* majority.

[¶13] We agree with the majority of jurisdictions that have addressed this issue and conclude that self-defense is not available to a defendant who kills while engaged in the perpetration of an enumerated felony. Our legislature has determined that burglary is an offense which carries a significant prospect of violence and that, as such, it is a crime which supports a charge of felony murder when a killing results during the perpetration of the burglary. Allowing a defendant to assert a defense of self-defense to felony murder in instances in which burglary is the underlying felony would be inconsistent with Wyo. Stat. Ann. § 6-2-101(a).

[¶14] Relying on *Drennen v. State*, 2013 WY 118, 311 P.3d 116 (Wyo. 2013), Appellant asserts that the right of self-defense in the context of felony murder is "parallel to the right of self-defense provided to an initial aggressor." Appellant notes that, in *Drennen*, we stated that "some sort of physical aggression or a threat of imminent use of deadly force is required before a person will be considered an aggressor." *Id.*, ¶ 34, 311 P.3d at 128. In that case, however, the defendant was not charged with felony murder and we did not address the issue of whether a defendant is an initial aggressor in the context of felony murder. Additionally, we noted in *Drennen*, ¶ 27, 311 P.3d at 126, that self-defense is only available if, *inter alia*, "the slayer was not at fault in bringing on the difficulty." One who kills in the perpetration of an enumerated felony cannot satisfy that threshold requirement.

[¶15] Finally, Appellant contends that "Even if the law of Wyoming renders him an aggressor or provoker by an attempt to violate the burglary statute, his withdrawal from any criminal effort and attempted retreat would reinstate his right of self-defense." We agree that if the killing did not occur in the perpetration of the underlying felony, a defendant may claim self-defense. However, self-defense is not a defense to felony murder if the killing occurred during an attempted escape. As we have previously noted, "The vast majority of cases ... unarguably support the view that escape is ordinarily within the res gestae of the felony and that a killing committed during escape or flight is ordinarily felony-murder." *Cloman v. State*, 574 P.2d 410, 421 (Wyo. 1978) (quoting Annotation, Erwin S. Barbre, *What constitutes termination of felony for purpose of felony-murder rule*, 58 A.L.R.3d 851 (1974)). In the present case, Appellant did not claim that the burglary was completed at the time he killed Mr. Gartman, or that he had withdrawn from the criminal enterprise before the killing occurred. Rather, Appellant claimed that he was not engaged in a burglary because, based on his previous relationship with Mr. Gartman, he had implicit authority to enter Mr. Gartman's pickup and take his methamphetamine. The Arizona Supreme Court rejected a self-defense instruction in a similar situation:

> Celaya's defense does not fall under the *Clayton* rule; he does not argue that the felony was completed before Walker was killed. Celaya consistently argued that no felony occurred but rather, a theft. We hold that on remand, instructions on self-defense should not be given to the jury in connection with the felony-murder charge.

*State v. Celaya*, 135 Ariz. 248, 254, 660 P.2d 849, 855 (1983). We find no abuse of discretion in the district court's decision to instruct the jury that self-defense is not available as a defense to felony murder.

### Refusal to Give Proposed Instruction Defining "In the perpetration of"

[¶16] In his second issue, Appellant contends the district court abused its discretion by refusing to give his proposed instruction on the meaning of "in the perpetration of," as used in the felony murder statute. We review the district court's decision for an abuse of discretion. *Knospler*, ¶ 22, 366 P.3d at 485.

[¶17] The district court held a jury instruction conference on the last day of trial. Instructions 5 through 8 set forth the elements of felony murder, aggravated burglary, burglary, and battery. Instruction No. 9 defined "theft," "in the course of committing the crime," "deadly weapon," and "bodily injury." The definition of "in the course of committing the crime" was based on Wyoming Criminal

Pattern Jury Instruction 33.01C and provided as follows: " 'In the course of committing the crime' includes the time during which an attempt to commit the crime or in which flight after the attempt or commission of the crime occurred." Appellant's counsel stated that he had no objections to the instructions. Defense counsel then proposed the following instruction defining the term "in the perpetration of":

> You are hereby instructed that in order for a killing to have occurred "in the perpetration of" an aggravated burglary, as enumerated in element 4 of instruction ——, it must have occurred in the unbroken chain of events comprising the aggravated burglary as enumerated in instruction ——. In order to convict the Defendant of First Degree Murder, the State of Wyoming must prove beyond a reasonable doubt that the killing and the aggravated burglary constituted one continuous transaction. While the sequence of events is not significant, their interrelationship is. A specific connection is required: the murder must occur in the performance of the felony for conviction of felony murder.

The district court rejected that instruction, noting that Appellant's proposed instruction was "pretty much a repeat of what we've already said [in] Instruction No. 9...." When the court inquired as to why it would give the instruction again, defense counsel stated, "Because I am politely asking you to. This is an important part of my case. It helps explain the theory [of] the case." The court, however, rebuffed defense counsel's claim stating, "I don't see any point in doing this again. We've given this in No. 9. The Defense has approved No. 9. I see no point in doing it twice. It overemphasizes the point, and frankly, it is redundant, so I'm not going to [give it]. Strike that."

[¶18] Appellant claims the phrase "in the perpetration of" has a distinct meaning from the phrase "in the course of committing." According to Appellant, the difference is significant because the definition of "in the course of committing" does not distinguish between flight after the crime, resulting from the defendant's attempt to escape apprehension, and flight which results from the defendant's attempt to withdraw from the criminal enterprise. Appellant relies on our decisions in *Cloman*, 574 P.2d 410, and *Bouwkamp v. State*, 833 P.2d 486 (Wyo. 1992). Upon review, however, those cases do not support Appellant's position.

[¶19] Both *Cloman* and *Bouwkamp* were concerned with the sequence of the murder and the underlying felony. In *Cloman*, 574 P.2d at 420, we addressed the issue of whether the phrase "in the perpetration of" means "the homicide must precede, follow or be contemporaneous with the robbery." We agreed with the conclusion reached by the majority of jurisdictions that had considered the issue, which was that "the time sequence is not important as long as the evidence, including the inferences, point to one continuous transaction." *Id.* at 420–22. Subsequently, in *Bouwkamp*, 833 P.2d at 491, we addressed the propriety of a jury instruction providing that "For the purposes of establishing the crime of felony murder, a killing which occurred in the perpetration of a robbery, the sequence of events is unimportant and the killing may precede, coincide with or follow the robbery and still be committed in its perpetration." The defendant claimed that the instruction dictated that the jury apply the felony murder rule even where both the intent to commit the felony and the act itself followed the murder as a separate transaction. *Id.* at 492. We disagreed. In doing so, we reasoned as follows:

> To occur in the perpetration of a felony the killing must occur in the unbroken chain of events comprising the felony. *See Cloman*, 574 P.2d at 419–22. In *Cloman* we framed the concept in this way: "the time sequence is not important as long as the evidence, including the inferences, point to one continuous transaction." *Cloman*, at 420. This means that, for a finding of felony murder, the killing must occur as part of the *res gestae* or "things done to commit" the felony. If the felony was not conceived of before the victim's death but occurs after the murder, the chain is broken, and the murder is a separate act which cannot have occurred "in the perpetration of" the underlying felony. *See United States v. Mack*, 466 F.2d 333, 338 (D.C.Cir.1972)

*cert. denied sub nom. Johnson v. United States*, 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223; *see also Grigsby v. State*, 260 Ark. 499, 542 S.W.2d 275, 280 (1976).

While the sequence of events is not significant, their interrelationship is. A specific connection is required: the murder must occur in the performance of the felony for conviction of felony murder under Wyo. Stat. § 6-2-101 (June 1988).

*Bouwkamp*, 833 P.2d at 492. We expressly rejected "the suggestion that *Cloman* may be read to permit a conviction for felony murder where intent to commit the felony cannot be inferred before the murder and the chain of events is apparently broken." *Id.* at 492. Ultimately, neither *Cloman* nor *Bouwkamp* requires the trial court to define the phrase "in the perpetration of" as used in Wyoming's felony murder statute.

[¶20] In the present case, the relevant issue is not whether the felony occurred before or after Appellant killed Mr. Gartman. Rather, the issue was whether Appellant killed Mr. Gartman while he was engaged in the underlying felony. Instruction No. 9 addressed that issue and contained a correct statement of the applicable law. We conclude the jury instructions adequately covered the relevant issues. We find no abuse of discretion in the district court's refusal to give Appellant's proposed instruction.

**Aggravated Burglary Conviction**

[¶21] In his final issue, Appellant contends the district court's issuance of convictions for first-degree felony murder and for aggravated burglary, the underlying felony, violates protections against double jeopardy. The State agrees, and asserts that Appellant's sentence for aggravated burglary should be vacated. We agree with the parties. We have previously held that "the imposition of multiple punishments for felony murder and the underlying felony violates the Double Jeopardy Clauses of the United States and Wyoming constitutions." *Cook*, 841 P.2d at 1352–53; *see also State v. Mares*, 939 P.2d 724, 730 (Wyo. 1997) ("At the outset, the State concedes, and we agree, that the sentence imposed for the aggravated burglary conviction, which was the underlying felony

for purposes of the felony murder conviction, was improper. In Wyoming, multiple punishments for felony murder and the underlying felony are impermissible and such a sentence is error."). As a result, we remand to the district court for entry of an order vacating Appellant's sentence for the aggravated burglary conviction.

## CONCLUSION

[¶22] We affirm Appellant's felony murder conviction and remand for entry of an order vacating Appellant's sentence for aggravated burglary.

DAVIS, Justice, dissenting, in which HILL, Justice, joins.

[¶23] The underlying felony in this case is burglary. In this state, any person who enters a vehicle with intent to steal is guilty of that crime. Wyo. Stat. Ann. § 6-3-301(a). This is so even though the conduct involved is what is commonly called "car hopping," a term used to refer to a defendant (often a juvenile or drug addict) trying doors on vehicles to see if they are locked, and if they are not, pilfering whatever valuables can be found, even if only the change in the ashtray. Yet burglary, without any limitation, is one of the listed felonies for felony murder. Wyo. Stat. Ann. § 6-2-101(a).

[¶24] I cannot disagree with the majority that most states apply an absolute rule that self-defense is never available in felony-murder cases, no matter the underlying felony. However, I do not believe that such a blanket rule is the best approach. At least one other court agrees.

[¶25] In *Commonwealth v. Fantauzzi*, 91 Mass.App.Ct. 194, 73 N.E.3d 323 (2017), the defendant planned to sell drugs to the victim. The transaction took place in the victim's vehicle. According to the defendant's trial testimony, another man in the vehicle held a knife to his throat and said "[G]ive me everything you got or I'll stab you." When the defendant tried to exit the vehicle, the victim grabbed his jacket and produced a charged stun gun. *Id.* at 324-25.

[¶26] Despite having a previous felony conviction which would prohibit him from carry-

ing a firearm, the defendant had a pistol, and without really aiming, discharged two shots inside the vehicle and was then able to exit it. When he heard a door open and feared an attack, he fired two more times at the front passenger side of the vehicle, killing the victim. He then fled the jurisdiction. *Id.*

[¶27] Fantauzzi was charged with second degree felony murder and second degree murder. This led to considerable confusion in instructing the jury, particularly when those two crimes were complicated by the need to instruct on voluntary manslaughter.[3] The trial judge gave a self-defense instruction that pertained to both second degree murder and voluntary manslaughter, but not to the felony murder charge. Oddly enough, evidently without clear guidance on how to instruct on voluntary manslaughter, the judge instructed the jury that it was a lesser-included offense of both murder charges.[4]

[¶28] The jury sent out a series of very perceptive questions indicating confusion about the instructions, which the judge answered with further instructions. *Id.* at 328-29. The jury ultimately convicted of voluntary manslaughter, but the verdict did not indicate whether it found this to be lesser-included offense of second degree murder or of felony murder. *Id.* at 329. On appeal, Fantauzzi argued that he should have been entitled to a self-defense instruction as to felony murder, and that this error was not harmless because the voluntary manslaughter conviction could have resulted from finding it to be a lesser included offense of felony murder.

[¶29] The Court of Appeals conducted a thorough legal analysis. It noted that cases in Massachusetts, as elsewhere, suggest "that the nature of the underlying felony marks the defendant as the 'initiating and dangerous aggressor.'" *Id.* at 330. It also noted that case reports indicated there are cases of felony murder in Massachusetts in which self-defense instructions were given without

objection. *Id.* at 331. It concluded that "[c]ases in other jurisdictions are split on the application of the defense of self-defense to a charge of felony murder." *Id.* at 332.

[¶30] Having digested the law in its jurisdiction as well as throughout the country, the court ultimately decided:

> We conclude that the general rule that self-defense is not applicable to felony-murder does not apply in the circumstances of this case. Where the felony was not inherently dangerous, and the defense was based on the assertion that the defendant was not the aggressor and initiator of the violence, an instruction on self-defense in relation to felony-murder should have been given. *See generally Commonwealth v. Kendrick*, 351 Mass. 203, 211, 218 N.E.2d 408 (1966); *Commonwealth v. Pike*, 428 Mass. 393, 395, 701 N.E.2d 951 (1998) ("A defendant is entitled to a self-defense instruction if any view of the evidence would support a reasonable doubt as to whether the prerequisites of self-defense were present"). We do so recognizing that this is a very close question, because bringing a firearm to a drug transaction presents obvious risks of violence.

*Id.* at 332.

[¶31] I agree with this reasoning. A rule that requires a straightforward particularized assessment of the underlying felony is a better approach than a blanket rule, even though a generic rule may be easier to apply. Our district courts are quite capable of deciding if a predicate felony is inherently dangerous.

[¶32] Moreover, a particularized assessment harmonizes with our precedent. Recently, this Court decided it was wrong to have a blanket rule precluding the justification of self-defense when the crime charged involves a reckless act, rather than an intentional one. *Haire v. State*, 2017 WY 48, ¶¶ 20-25, 393 P.3d 1304, 1309-11 (Wyo. 2017). In-

---

3. The State wisely avoided those complications here by dismissing a second degree murder count after the district court ruled that self-defense was available on that count, while it was not as to felony murder.

4. Under Wyoming law, this would be incorrect. In *Richmond v. State*, 554 P.2d 1217, 1232-33 (Wyo. 1976), this Court held that manslaughter could not be a lesser included offense of felony murder because it would not be a lesser included offense of the underlying felony, in that case robbery.

stead of a wholesale approach, we reasoned that a district court should provide self-defense instructions when it decides there is competent evidence to support the law expressed in the instructions. *Id.* ¶ 24, 393 P.3d at 1310. Under the same logic, whether self-defense instructions are warranted in a felony-murder case depends on the evidence establishing that the predicate felony was not inherently dangerous and that the defendant was not the initial aggressor.

[¶33] In this case, although Schnitker claimed he had implied permission to enter the vehicle to obtain cigarettes, he also admitted that he was looking for money or methamphetamine, and it seems doubtful that he had implied permission to take those. Indeed, the jury had to find that to be so in order to support the conviction of felony murder. The facts of this burglary, however, establish that is not an inherently dangerous felony. The evidence also shows that Appellant was not the initial aggressor. The State conceded in opening statement and in argument on a motion for judgment of acquittal that Appellant did not bring the large carving knife he used to kill the victim to the crime; rather, it was in the victim's vehicle when he entered it. Appellant used the knife only after the victim approached him with an axe. The danger involved in committing this kind of felony is that of being attacked by the owner of the vehicle, and that does not seem to me to be inherent when a vehicle seems to be unattended.

[¶34] Finally, I do not believe allowing the justification of self-defense violates the legislature's intent. Wyoming's felony murder statute, Wyo. Stat. Ann. § 6-2-101(a), does not mention self-defense. Rather, whether to allow it or not is a judicial decision. It is hard to believe that the legislature would intend that a car-hopping juvenile would have no right of self-defense if attacked with deadly force by the vehicle's owner. If that was its intent, it would be very simple to adopt a statute saying that self-defense was not available as to the listed felonies.[5]

[¶35] Most of the felonies listed in the statute are inherently dangerous, and a defendant committing them would necessarily be the aggressor. However, I would reverse and remand for a new trial with proper self-defense instructions on the particular offense and facts involved in this case. Whether that defense would be successful would be up to the jury.

---

5. *See, e.g.,* Kan. Stat. Ann. § 21-5226(a) (self-defense not available to one who is "attempting to commit, committing, or escaping from the commission of a forcible felony"); Ga. Code Ann. § 16-3-21(b)(2) (a person is not justified in using force if he "is attempting to commit, committing, or fleeing after the commission or attempted commission of a felony").