***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted June 27; portion of jurisdictional judgment requiring father to
participate in mental health assessment and parenting classes vacated,
otherwise affirmed August 3, 2022

In the Matter of S. L. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. D. R.,
*Appellant.*

Jackson County Circuit Court
21JU05828; A178131

David J. Orr, Judge.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Colm Moore, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Kamins, Judge, and Sercombe, Senior Judge.

PER CURIAM

Portion of jurisdictional judgment requiring father to participate in mental health assessment and parenting classes vacated; otherwise affirmed.

**PER CURIAM**

In this juvenile dependency case, father appeals from a jurisdictional judgment that includes a dispositional order requiring him to participate in a mental health assessment and parenting classes. The juvenile court asserted jurisdiction over S after father admitted that residential instability and drug use interfered with his ability to safely parent. Father argues that the court failed to properly establish a rational relationship between the jurisdictional bases and the imposed mental health assessment and parenting classes. The Department of Human Services (DHS) concedes that the trial court erred in ordering father to participate in a mental health assessment and parenting classes based solely on his admissions. We agree and, accordingly, we vacate the portion of the jurisdictional judgment requiring father to participate in a mental health assessment and parenting classes. We otherwise affirm the jurisdictional judgment.

"We review the juvenile court's factual findings for any evidence and its legal conclusions for errors of law." *Dept. of Human Services v. W. C. T.*, 314 Or App 743, 745, 401 P3d 44 (2021).

The juvenile court has authority to order DHS to provide services under ORS 419B.337(2) only if the services bear a "rational relationship to the jurisdictional findings." *Dept. of Human Services v. K. J.*, 295 Or App 544, 548, 435 P3d 819 (2019). Although establishing a rational relationship between a court-ordered service and the jurisdictional bases is a low bar, it does have substance. *Id.* at 549. Here, there was no additional evidence presented at disposition following father's admissions at the jurisdictional hearing. Substance abuse and residential instability are conditions that can occur to individuals with sound mental health and by themselves do not tell us anything about a person's parenting skills. Father's admissions to substance abuse and residential instability are not enough by themselves to establish a nonspeculative relationship between the jurisdictional bases and the need for parenting classes or mental health assessment. *See Dept of Human Services v D. R. D.*, 298 Or App 788, 800, 450 P3d 1022 (2019) (DHS presented

evidence that the psychological evaluation was a component of substance abuse treatment that had a rational relationship to the jurisdictional basis and thus the juvenile court was within its authority when it ordered father to complete a psychological evaluation.); *K. J.*, 295 Or App at 551-52 (DHS failed to identify "evidence that reasonably suggests that a mental health issue might be contributing to father's housing situation and therefore a psychological evaluation is not rationally related to the jurisdictional basis.").

Portion of jurisdictional judgment requiring father to participate in mental health assessment and parenting classes vacated; otherwise affirmed.